ROSS et al., Appellants, v. CLEVELAND & AURORA MINERAL LAND COMPANY et al.

|162  317|
|d91a 658|

### Division Two, May 7, 1901.

1. **Order to Elect:** AMENDMENT. Where plaintiff has been ordered to elect upon which count of a petition he will proceed to trial, and is granted leave to file an amended petition, which he does, such amended petition can not be stricken out because of his failure to elect on which count of the former petition he would proceed to trial.

2. **Pleading:** AMENDMENT: DEPARTURE. A different cause of action can not be injected into the amended petition, nor can a different cause be substituted for that stated in the original petition, for either would be a departure.

3. ———: ———: ———: MINING LEASE AND PERMIT. Where plaintiff has brought suit for damages for being deprived of his mine, an allegation in his amended petition that he was in possession by permission of the owners, whereas, it was alleged in the first petition that he was there under a lease, was not such a variance or departure as justified the court in striking out the amended petition. Plaintiff's right to the possession, use, benefits and profits of the mine was substantially the same whether he occupied it under a written lease or a mere mining permit.

4. ———: ———: ———: CONSPIRACY: TORTFEASORS: COMPANY: DEPARTURE. In the first petition plaintiff charged the defendant company and its officers, as tortfeasors, with maliciously interfering with

and preventing him from carrying on his mining operations in a mine, and in the amended petition he charged them, as conspirators, with combining and conspiring together for the purpose of compelling him to abandon his mine. *Held*, that as it would require different evidence to show that the defendants or any of them were tortfeasors from that necessary to show them to be conspirators, the amended petition stated a new cause of action, and hence, no error was committed in striking it out.

Appeal from Lawrence Circuit Court.—*Hon. J. C. Lamson,* Judge.

AFFIRMED.

*Cloud & Davis, Wm. B. Skinner* and *H. H. Bloss* for appellants.

(1) The order of the court in sustaining defendants' motion to strike out plaintiffs' second amended petition, does not state any reasons why it was sustained. The motion certainly should not have been sustained for the first reason assigned in said motion, for the reason that, as appears, and as alleged in the said second amended petition, the several acts committed by the defendants were done in pursuance of an arrangement between the defendants for the joint purpose of depriving plaintiffs of the right of carrying on their mining operations. These acts all tended to one end and one object, and that was the one designed by the defendants in pursuance of their joint arrangement. This was a statement of but one cause of action. Ray v. Railroad, 25 Mo. App. 107; Mayberry v. McClurg, 51 Mo. 256; Bobb v. Bobb, 8 Mo. App. 257; 89 Mo. 411; Heitkamp v. Granite Co., 59 Mo. App. 253. Distinct acts forming a series of transactions tending to one common end, as in this case, do not constitute distinct causes of action. Oglesby v. Railroad, 150 Mo. 137; Gannon

v. Gas Co., 145 Mo. 502; McGlothlin v. Hemery, 44 Mo. 350. All the defendants were liable jointly and severally if, as alleged in the second amended petition in pursuance of an arrangement between them one or more of them were doing acts that tended to bring about this joint purpose. Mohr v. Langan, 77 Mo. App. 488; Walters v. Hamilton, 75 Mo. App. 257; Willi v. Lucas, 110 Mo. 219; McNichols v. Nelson, 45 Mo. App. 453. (2) The cause of action originally declared on was the violation by the defendants of plaintiffs' right to conduct, unmolested by the defendants, their mining operations. It was not sought to charge defendants with the violation of any lease covenant they made, but as joint tortfeasors, and this is the cause of action stated in the second amended petition, and does not constitute a change as contended by defendants. Clothing Co. v. Railroad, 71 Mo. App. 241. The seriousness with which defendants urged the change theory on the court will be made apparent from the second assignment by them that this is a change of a cause of action, because in the first petition the defendants are charged as ordinary tortfeasors and in the second amended petition they are charged as conspirators. Brief or comment on such a point is unnecessary. Where another item of damage is added growing out of the same negligence or tort, it is not a change of the cause of action. Hall & Robinson v. Railroad, 80 Mo. App. 466; James v. Railroad, 69 Mo. App. 431. (3) The motion in this case was directed against this petition as a whole; it is therefore like a general demurrer and should have been overruled if the petition was good as to subject-matter or as against any one of the defendants. Herf & Frerichs v. Railroad, 78 Mo. App. 305; Ridgeway v. Herbert, 150 Mo. 606; Philbert Mfg. Co. v. Dawson, 77 Mo. App. 122; Robertson v. Cleveland & Aurora Min. L. Co., 70 Mo. App. 262.

*T. K. Skinker, McNatt & McNatt* and *Henry Brumback* for respondents.

(1)   In filing their third petition the plaintiffs did not comply with the order of the court requiring them to elect upon which one of the causes of action, set out in the second petition, they would go to trial.   For this reason the third petition was properly stricken out.   Eisenbour v. Stein, 37 Kan. 281; Mahoney v. Fitzsimmons, 2 Brightley's N. Y. Dig., 2628, par. 61.   (2)   The third petition did not set out the same cause or causes of action alleged in the first.   This was fatal.   Sanguinett v. Webster, 153 Mo. 343; Liese v. Meyer, 143 Mo. 555; Scovill v. Glasner, 79 Mo. 449; Sauter v. Leveridge, 103 Mo. 621; Holt County v. Cannon, 114 Mo. 519; Heman v. Glann, 129 Mo. 325; Sims v. Fields, 24 Mo. App. 557; Sears v. Loan Company, 56 Mo. App. 122.   (3) One departure consists in this:   The first petition counted upon a violation of contract rights alleged to have been acquired by plaintiffs by virtue of a lease of land "having some two years yet to run," an allegation which could only be supported by production of a written document.   R. S. 1889, sec. 5182; 2 Black. Com., 317; Austin v. Huntsville, 72 Mo. 541.   The third counts upon a violation of a statutory mining permit, an allegation which may be supported by evidence of verbal permission or even silent acquiescence.   Boone v. Stover, 66 Mo. 430; R. S. 1889, sec. 8766; Desloge v. Pearce, 38 Mo. 588; Chynonitch v. Granby Company, 74 Mo. 173; Shepard v. Drake, 61 Mo. App. 140; Foundry & Machine Co. v. Cole, 130 Mo. 1; Kirk v. Mattier, 140 Mo. 23; 15 Am. and Eng. Ency. of Law, 594.   This difference involves the further difference that the first petition is founded on a common-law right, the third on a statute, which is a fatal variance.   Sims v. Fields, 24 Mo. App. 557; Sears v. Loan Company, 56 Mo.

App. 522. (4) Another departure is, that the third petition charges defendants as conspirators, the first as ordinary tortfeasors. Hornblower v. Crandall, 78 Mo. 581; Holborn v. Naughton, 60 Mo. App. 100; Kimball v. Harman, 34 Md. 407; Page v. Parker, 43 N. H. 363; Strout v. Packard, 76 Me. 148; Cooley on Torts (2 Ed.), 144; State v. Walker, 98 Mo. 95. (5) Another departure is, that the first petition charges defendants with having seized and taken certain mineral under legal process; while the third charges the taking but does not mention legal process. Scovill v. Glasner, 79 Mo. 449. (6) By filing their third petition plaintiffs waived any error the trial court may have committed in sustaining the motion to compel them to elect. Williams v. Railroad, 112 Mo. 463; Liese v. Meyer, 143 Mo. 547; Sauter v. Leveridge, 103 Mo. 615; Heman v. Glann, 129 Mo. 325; Sanguinett v. Webster, 153 Mo. 342; Holt County v. Cannon, 114 Mo. 514; Ely v. Porter, 58 Mo. 158; Fuggle v. Hobbs, 42 Mo. 537; Gale v. Foss, 47 Mo. 278. (7) When the plaintiffs, after their third petition had been stricken out, announced that they would stand upon it and declined to plead further, the court had no alternative but to enter judgment against them. This would have been the course after a demurrer sustained, and the motion to strike out is to be treated as a demurrer. Cashman v. Anderson, 26 Mo. 67; Paddock v. Somes, 102 Mo. 226; Paxon v. Talmage, 87 Mo. 13; Howell v. Stewart, 54 Mo. 407; Sapington v. Jeffries, 15 Mo. 628.

BURGESS, J.—In 1893, plaintiffs began suit against the defendants in the circuit court of Lawrence county, alleging in their petition, that in January, February and March of that year, and long prior thereto, they were in the possession of

certain real estate in the petition described.

The petition then proceeds as follows:

"That plaintiffs, during the months aforesaid and long prior thereto, had been engaged in mining on said tract of land and taking out lead and zinc ores therefrom, and had therein and thereon mining shafts, drifts, machinery, buildings and other appliances for the carrying on of said mining business. That plaintiffs had a mining lease on said land for a period having some two years yet to run, at a royalty of fifteen per cent, and the mining operations conducted by plaintiffs thereon prior to said months had been of great profit to the plaintiffs, to-wit, of the net profit of four hundred dollars per week. That plaintiffs, in their shafts and drifts on said land, had developed a large body of valuable mineral, and were constantly taking the same out in large quantities, and plaintiffs' mining lease on said land, on account of the large amounts which plaintiffs had invested therein, and the extensive body of mineral which they had developed, was of great value, to-wit, of the value of twenty-five thousand dollars.

"Plaintiffs further state that in the conduct of their mining business they employed a large number of men; that at the end of each week they sold to mineral buyers the ore which they had mined during the said week, and that the funds so realized paid off the men and defrayed the other expenses of operating the mine and thus kept their business moving. That on or about the first day of January, last, the defendants, with a view of compelling plaintiffs to abandon said premises and mining operations thereon and surrendering their mining rights and lease, so that the defendant, the Cleveland & Aurora Mineral Land Company, whose agents and officers the other defendants are, might get possession of said premises and the mines thereon, and the large body of mineral which plaintiffs had developed thereon and were entitled to take out for the

unexpired term aforesaid, and to deprive plaintiffs of their mining rights on said land, entered upon said premises and began to dig and mine thereon and undertook to lease said premises to other parties and to deprive plaintiffs of their possession thereof, and did lease said premises, or portions thereof, to other parties, in contravention of plaintiffs' rights, and did dig and mine thereon and cause digging and mining to be done thereon, and did maliciously interfere with and prevent plaintiffs from carrying on their mining operations on said land, and did state and declare to divers persons that they intended to vex and harass plaintiffs in their operations on said land and in their possession thereof until they compelled plaintiffs to surrender their rights thereon to the Cleveland & Aurora Mineral Land Company. That with this end in view the said Cleveland & Aurora Mineral Land Company, and the other defendants as its agents and officers, served divers notices on these plaintiffs to vacate said premises and that their mining rights thereon were terminated, and in addition to entering on plaintiff's occupancy and possession and hindering and preventing plaintiffs from carrying on mining operations thereon, the defendant set about a steady policy of maliciously breaking up plaintiff's business and forcing them to discontinue mining operations on said premises and to vacate said premises in the manner following:

"Plaintiffs state that the said Cleveland & Aurora Mineral Land Company and the other defendants are possessed of great capital and these plaintiffs have a small capital, and in order to carry on their business of mining on said land have to realize each week on the mineral taken out during the said week; that defendants knowing this fact and the mode in which plaintiffs conducted their business and that the same was the only mode in which plaintiffs could conduct their said business, began to replevy and take away from plaintiffs before they could sell the same, all the mineral which plaintiffs mined

and took out on said land, and under such replevin suits did seize and take away on three different occasions, all the mineral which plaintiffs had taken out of said mine, thereby depriving plaintiffs of the power to sell the same in order to pay their employees and carry on their expenses in mining said land, and compelling plaintiffs to wait to get the money for said mineral until said suits should be determined by decision of the courts. That the defendants openly expressed and declared that they were taking this course for the purpose of oppressing these plaintiffs and making it impossible for them to carry on their business of mining on said lands and compelling plaintiffs to surrender their lease and rights thereon, to the said Cleveland & Aurora Mineral Land Company. That, in addition to said vexations and malicious litigation undertaken by the defendants against these plaintiffs and the said other unlawful and malicious conduct, said defendants notified all mineral buyers who bought mineral from miners in the Aurora camp not to buy any mineral from these plaintiffs taken out of their mines on these premises, at their peril, and further notified said buyers that the plaintiffs did not own and had no right to sell mineral taken out of said mines; that all of said mineral belonged to the said defendants and said defendants would sue any buyers who might purchase mineral from these plaintiffs; thereby so alarming said buyers that it became impossible for plaintiffs to find purchasers for their mineral and ores taken out of said mine. That, by all the aforesaid malicious and unlawful acts of the defendants, the plaintiffs have been deprived of the power to carry on their mining operations on said land, or take out the ores which they have developed thereon, or to enjoy the rights and profits under the mining lease thereon, and have been compelled to discontinue their business of mining on said lands and have been compelled to abandon their mines, shafts, machinery and

other appliances thereon. That, by the said unlawful and malicious conduct of the defendants, the plaintiffs have sustained great damage, to-wit, in the sum of twenty-five thousand dollars for which, with their costs in this case, they pray judgment."

Defendants demurred to this petition which was sustained. Plaintiffs then filed an amended petition which contained more than one cause of action.

To this petition, defendants filed their motion to require the plaintiff to elect upon which one of the causes of action set out in the petition they would proceed to trial, and to strike out the remaining causes of action. This motion was sustained, whereupon, plaintiffs asked and obtained leave to file a second amended or third petition, which, omitting the formal parts, is as follows:

"That heretofore and prior to the — day of January, 1893, plaintiffs, with the permission of the then owners of the said real estate, said plaintiffs not then and there being the servants, agents or employees of said owners, did enter upon the following described real estate: [The petition here described the same two lots of ground as were described in the former petitions], and having so entered upon said land by the permission, consent and agreement of said owners, and having in good faith dug and operated a shaft, mine, quarry, prospect and deposit of mineral, and opened from said shaft and mine, rooms, drifts and excavations, and erected and placed thereon buildings and mining machinery, by which plaintiffs had acquired and possessed the exclusive right, as against the owners of said real estate and those claiming by or through or under them, to continue to work, mine and dig such shaft, mine, prospect and deposit of mineral so dug and opened by them as aforesaid on said real estate, with a right of way over such lands for the purpose of such mining, for an

unexpired term of about two years from said — day of January, 1893, upon the payment of a royalty to the owners of said land, once every month if demanded, of fifteen per cent. That plaintiffs had developed large bodies of mineral on said lands which they were then and there and thereon on said — day of January, 1893, taking out in large quantities and disposing of in the usual course of mining business so that their profits, after paying royalty and other expenses, were about four hundred dollars per week, and that plaintiffs' mining rights so acquired and possessed were of the value of two thousand dollars, and that plaintiffs were then and there fully performing and complying with all the conditions under which they were holding the mining rights aforesaid.

"That on or about the said — day of January, 1893, the defendants combined and conspired together for the purpose of compelling plaintiffs to abandon their mining operations on the said premises and compel them to forfeit their mining rights therein and thereon, and deprive them of the rights possessed as aforesaid and thereby prevent them from prosecuting their mining of mineral from said lands, thereby depriving plaintiffs of their mining rights aforesaid and destroying the value of said rights.

"And, in pursuance of said conspiracy, defendants did then and there enter upon said premises, and prosecute and cause to be prosecuted mining operations thereon, by digging and sinking shafts thereon and causing the same to be done, and by taking and causing to be taken from said premises the said mineral and ores thereon and therein, to the exclusion and in contravention of plaintiffs' rights aforesaid, notwithstanding which, plaintiffs in good faith prosecuted their mining operations and attempted to maintain and protect their said mining rights by digging and mining and taking mineral from said land, but as fast and as often as such mineral was

raised from the ground and before it could be disposed of in the usual course of business, defendants did wrongfully take such mineral from plaintiffs and convert same to their own use, thereby depriving plaintiffs of the benefit and proceeds thereof and rendering them powerless to conduct their mining operations as they had a right to do, and to comply with and perform the conditions under which they held such mining rights; and did further in pursuance of said conspiracy unlawfully claim and state to and notify plaintiffs and others with whom plaintiffs were dealing and to whom they were selling their mineral mined as aforesaid, that plaintiffs' right to mine on said premises had ceased and been forfeited and that defendants owned and would take hold and possession of all the mineral mined and dug from said premises; and in further pursuance of said conspiracy and purpose did wrongfully hinder and prevent plaintiffs, by the acts aforesaid and other wrongful acts then and there done and caused to be done for the purposes aforesaid, from prosecuting their said mining operations, so that plaintiffs were deprived of their mining rights upon said premises and the use and benefit thereof and were excluded from such possession, use and occupation of said premises as were necessary for the prosecution of said mining rights and operations, and defendants did then and there wrongfully re-enter upon and take the exclusive possession of the premises aforesaid from these plaintiffs. That by reasons of the wrongful acts of the defendants aforesaid plaintiffs are damaged in the sum of twenty-seven thousand dollars, for which they ask judgment with their costs."

Defendants filed their motion to strike out this last petition for the following grounds of objection:

"*First.* Said second amended petition does not comply with the order of the court requiring plaintiffs to elect upon which one of the causes of action set out in the first amended

petition they would go to trial; but plaintiffs have attempted to combine all said causes of action in one count by the device of alleging the several wrongs and injuries complained of to have been done in pursuance of a conspiracy among the defendants.

"*Second.* Said second amended petition does not set out the same cause of action alleged in the original petition herein, in this, that the original petition counts upon a violation of contract rights alleged to have been acquired by plaintiffs by virtue of a lease for two years or more, while the second amended petition counts upon a violation of a statutory mining permit; and further, the original petition charges defendants as ordinary tortfeasors, while the second amended petition charges them as conspirators; and further, the original petition charges defendants with having seized and taken certain mineral under legal process, while the second amended petition charges the taking of certain mineral, but without legal process; and further, the original petition charges the individual defendants as officers of the corporate defendant; while the second amended petition does not charge any official connection between the said defendants or any of them; and further, the second amended petition includes a claim for damages to buildings and mining machinery of· the value of two thousand dollars, while the original petition makes no such claim; and further, the evidence necessary to support the original petition and the second amended petition is not the same."

This motion was sustained, and the third petition was stricken out. To this action of the court the plaintiffs at the time excepted; and thereupon, the plaintiffs announced that they would stand upon their said petition, and declined to plead further. The court then gave judgment for the defendants, the plaintiffs excepting. The plaintiffs in due time filed their motion to set aside the order striking out the third

Ross v. Mineral Land Co.

petition, and to set aside the judgment rendered for defendants, and to permit plaintiffs to proceed to trial. This motion was overruled, the plaintiffs excepting.

With respect to the first ground assigned in the motion to strike out the petition the fact that plaintiffs failed to comply with the order of the court to elect upon which count in the former petition they would proceed to trial was no ground for striking out a petition thereafter filed by leave of court. Now, if plaintiff had refused to comply with the ruling of the court by failing to elect upon which cause of action in the petition they would proceed to trial, the court might have dismissed the suit, not having the right to elect for them, but instead of this the court granted them leave to file a second amended petition, which they did, and thereby abandoned the one with regard to which they were required to elect upon which of its causes of action it would proceed to trial. The amended petition having been filed by permission of the court, and the one of which it was amendatory abandoned, no penalty could be imposed upon plaintiffs for their failure to elect as required with respect to it.

Plaintiffs claim that the second ground assigned in the motion to strike out the petition was not well taken, because the different acts set forth in it all tended to one object, and that was the one designed by the defendants in pursuance of their joint arrangement, which was the statement of but one cause of action. Upon the other hand, defendants contend that the last petition did not set out the same cause or causes of action alleged in the first.

A plaintiff in a suit can not predicate his action upon one state of facts, and thereafter by an amendment to his petition inject therein a different cause of action, or substitute a different cause of action for one stated in his original petition, for, that would be a departure, but such objection must

be raised before trial by proper motion, otherwise it will be held to have been waived.   [Scovill v. Glasner, 79 Mo. 449.] In that case it is said that "two of the tests by which to determine whether a second petition is an amendment or the substitution of a new cause of action are:   first, that the same evidence will support both petitions; second, that the same measure of damages will apply to both.   If both of these fail the new pleading is not an amendment."   The same rule is announced in Liese v. Meyer, 143 Mo. 547.

Defendants insist that the third, or second amended petition is a departure from the first, in that, the first counted upon a violation of contract rights alleged to have been acquired by plaintiffs by virtue of a lease of land, "having some two years to run," while the third counts upon a violation of a statutory mining permit, which are absolute and distinct rights requiring different kinds of testimony to establish them. When sections 8766, 8767, Revised Statutes 1899, are read in connection, we are of the opinion that all mining leases must be in *writing* and that the allegation in the petition of a lease for two years could only be sustained by proof of that character.

In the second amended, or third petition, the allegation is that plaintiffs entered "upon the land with the permission of the owners, etc., which could be sustained by any kind of testimony showing consent on the part of the defendants that plaintiffs might occupy the land for the purpose of mining. The gist of the question is as to the occupancy of the land by plaintiffs at the time of the injuries complained of, and the fact that in the last petition it was alleged that plaintiffs were in the occupancy of the land by the permission of the owners, while in the first petition it was alleged that they were in possession under a lease, was not such a variance or departure from the allegation in the original petition as to justify the

court in striking it out. The cause of action was not as to how plaintiffs occupied the premises, and it made no difference whether under a lease or by permission of the owner, as their rights were substantially the same, but whether or not defendants did or caused to be done the injuries therein complained of. The amendment was not, therefore, the substitution of a new cause of action, but was of such a character as authorized the amendment. [Boone v. Stover, 66 Mo. 430.]

A further objection urged against the second amended petition is, that it charges defendants as conspirators, while in the first petition they are charged as tortfeasors.

Under the original petition no one of the defendants could have been held liable, in the absence of proof showing that he actually did or assisted in doing the acts complained of, or that they were done by his direction or for *his* use and benefit.

A conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful, but it is not necessary that it should be proven by an express agreement or by direct evidence, but may be proven like any other fact by circumstantial evidence (6 Am. and Eng. Ency. of Law, 864, 2 Ed.), but it must exist between at least two persons. In its very nature it can not be committed by one person, nor will an action lie for simply conspiring to do an unlawful act, but in order to furnish a basis for such an action the unlawful act must be accomplished, and done in pursuance of such conspiracy, and must have resulted in some grievance to the person complaining or the party must have sustained actual damages done by reason thereof. [Kimball v. Harman, 34 Md. 407; 2 Hilliard on Torts (4 Ed.), ch. 33, secs. 16 and 17.]

It must needs follow that the same evidence would not support both pleadings, and that the measure of damages was

not the same in each case.    There was therefore no error committed in striking out the last petition.

The judgment is affirmed, *Sherwood*, P. J., and *Gantt*, J., concur.