BENDESEE DIXON et al., Appellants, v. ST. LOUIS TRANSIT COMPANY, Respondent.

St. Louis Court of Appeals, May 7, 1912.

1. APPEALS: Final Judgment: Appealable Orders: Striking Out Petition. An order sustaining a motion to strike out the counts of an amended petition, without a judgment being entered thereon, is not a final judgment from which an appeal lies.

2. PLEADINGS: Amended Petition: Effect on Former Pleadings. Where an amended petition is filed by leave, the prior petition, the answer and the reply, as well as a motion for judgment on the pleadings, are superseded and become *functus officio,* and hence the court possesses no power to pass upon them.

3. APPEALS: Final Judgment: Appealable Orders: Striking Out Petition: Judgment on Pleadings. While a motion for judgment for defendant on the petition, answer and reply was pending, plaintiff, by leave of court, filed an amended petition. Defendant moved to strike out the amended petition, which motion the court sustained, but entered no final judgment thereon. Thereafter, the court sustained the motion for judgment on the pleadings, and entered final judgment thereon. *Held,* that an appeal taken by plaintiff should be dismissed, inasmuch as no final judgment was entered on the motion to strike out, and inasmuch as the judgment rendered on the motion for judgment on the pleadings was void, since the amended petition superseded the former pleadings, to which the motion was addressed.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

APPEAL DISMISSED.

*S. P. Bond* for appellants.

*Boyle & Priest* and *T. M. Pierce* for respondent.

The appeal in this case should be dismissed because there is nothing for this court to review. When the appellants filed their fifth amended petition, the original petition and the other four amended petitions were abandoned. Ingwerson v. Railroad, 205 Mo. 333.

CAULFIELD, J.—The case presented by the record is, shortly, this: Plaintiffs filed a fourth amended petition, the others having been voluntarily abandoned by them. Defendant filed an answer thereto and they filed a reply. Thereupon, on December 4, 1907, defendant filed its motion for judgment on the pleadings, but while this motion was pending and undisposed of, on January 6, 1908, the plaintiffs, by leave of court first had and obtained, filed their fifth amended petition, in two counts. Thereupon, on January 7, 1908, defendant moved to strike out both counts of said fifth amended petition. The court sustained this motion but entered no final judgment thereon. Thereafter the court made an order sustaining the defendant's motion (filed December 4, 1907) for judgment on the pleadings, consisting of the fourth amended petition, answer and reply, and rendered judgment thereon, which order and judgment are set forth in the record as follows: "The court having duly considered the defendant's motion for judgment on the pleadings heretofore filed and submitted herein, doth order that said motion be and the same is hereby sustained. It is therefore considered and adjudged by the court that plaintiffs take nothing by their suit in this behalf, and defendant go hence without day," etc. ·

The case is not properly before us for review. There was no judgment entered on defendant's motion to strike out the plaintiffs' fifth amended petition, and the circuit court's action in merely sustaining that motion was not a final judgment from which an appeal would lie. [Pearce v. McClanahan, 50 Mo. 267.] And the judgment which the court attempted to enter on defendant's motion for judgment on the "pleadings" was void and of no effect. When the fifth amended petition was filed by leave, the fourth amended petition, the answer thereto, and reply, as well as the motion for judgment thereon, were at

once superseded and became *functus officio.* [Hawkins v. Massie et el., 62 Mo. 552; Ross v. Mineral Land Co., 162 Mo. 317, 62 S. W. 984; Beattie Mfg. Co. v. Gerardi, 166 Mo. 142, 65 S. W. 1035.] "The court therefore did not possess the power to pass upon pleadings, which in legal contemplation had no longer an existence." [Hawkins v. Massie et al., supra.] The case last mentioned (Hawkins v. Massie et al.) is controlling authority for the proposition that with the record in this condition, no valid appeal has been had and the case is still pending in the circuit court, awaiting final judgment on defendant's motion to strike out the counts of the fifth amended petition, or the filing by plaintiffs of another amended petition by leave, if they are so advised. The fifth amended petition is the first one which has been held insufficient within the meaning of the statutes relating to amendments, all of the former petitions having been voluntarily abandoned by the plaintiffs.

The appeal is dismissed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.