HENRY W. WHITING¹ v. ENTERPRISE LAND & SHEEP COMPANY and I. C. VAN NOY.

Division One, June 1, 1915.

1. **SPECIFIC PERFORMANCE: Shares of Corporate Stock.** The buyer has a right to sue in equity for the specific performance of a contract to deliver shares of corporate stock when the shares contracted for have no market value, or are difficult to obtain elsewhere, or there is some reasonable cause for the delivery of the particular shares arising out of the relation they bear to the control of the corporation. In all such cases an action at law for damages is inadequate, and complete relief can only be had in equity.

2. ————: **Issuance of Shares Bought: Transfer on Books.** A court of equity, in case of the wrongful refusal of the officers of a private corporation, will compel them to issue to a buyer, in lieu of shares bought by him from a stockholder, other shares in his own name; and if the shares the buyer contracted

for have been delivered to him, he is entitled to a formal transfer on the books of the company showing himself to be their owner.

3. **EQUITY: Decree: Within Scope of Pleadings.** No relief or decree in equity can transcend the cause of action stated in the pleadings. Any relief consistent with them is obtainable upon sufficient proof when there is a prayer for general relief; but beyond that the decree can not go. If unpleaded grounds of relief are disclosed during the progress of the trial, a timely application for an amended or supplemental petition should be allowed; but without such amendment, such evidence cannot be made the basis of a decree.

4. **SPECIFIC PERFORMANCE: Excessive Decree: Conveying Lands.** Where there is no allegation in the pleadings making it the duty of defendant to convey lands to plaintiff, the court cannot adjudge defendant to convey them.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*F. D. Glore* and *J. B. Daniel* for appellant.

(1) The petition fails to state sufficient facts to constitute a cause of action. Appellant's objection to the introduction of any evidence should have been sustained. Secret Service Co. v. Mfg. Co., 125 Mo. 156; Davis v. R. E. Co., 115 Mo. App. 338; Coal & Iron Co. v. Long, 231 Mo. 605; Wendover v. Baker, 121 Mo. 290; Mastin v. Haley, 61 Mo. 200; McCall v. Atchley, 256 Mo. 54. (2) To sustain a decree for specific performance of a contract, it must be shown that plaintiff complied with all the requirements of the contract on his behalf, or in good faith offered and was able to do so. Secret Service Co. v. Mfg. Co., 125 Mo. 140; Curtis v. Sexton, 142 Mo. App. 179; Snyder v. Betker, 159 Mo. App. 325. (3) If plaintiff recovers at all, he must recover on the contract sued upon. Norris v. Letchworth, 140 Mo. App. 19; Walker v. Bonhannan, 243 Mo. 119; Cement Co. v. Ullaman, 159 Mo. App. 251;

Koons v. Car Co., 203 Mo. 227. (4) The judgment is not responsive to the pleading. Spindle v. Hyde, 247 Mo. 51; Wolz v. Venard, 253 Mo. 86; Davidson v. Real Estate & Inv. Co., 249 Mo. 474; Pomeroy v. Fullerton, 131 Mo. 592. (5) There is no equity in the petition. Plaintiff had a complete and adequate remedy at law. Withers v. Bank, 67 Mo. App. 118; Hathaway v. Foey, 40 Mo. 541. (6) The court should have sustained the motion in arrest of judgment. Neither the pleadings nor the evidence are sufficient to support it.

*Robert T. Herrick* for respondent.

(1) Objection made for the first time at the trial, that the petition does not state facts sufficient to constitute a cause of action, will not be sustained, unless the petition is so fatally defective that a motion in arrest would lie. Sackman v. Sackman, 145 Mo. 576. (2) The petition states a cause of action, as courts of equity will compel the officers of corporations to register the stock of the corporation in the name of the real owner. Senn v. Premium & Mercantile Co., 115 Mo. App. 695; Helm v. Swiggett, 12 Ind. 194; State ex rel. v. Smith, 48 Vt. 266; 2 Thompson on Corp., sec. 2303. (3) No stock of a corporation being on the market, so that its value can be proven, specific performance of contract to sell and deliver such stock will be decreed. Wood v. Home Tel. Co., 223 Mo. 550; Dennison v. Keasby, 200 Mo. 408; Baumhoff v. Railroad, 205 Mo. 248; Montgomery v. Hundley, 205 Mo. 153; Hogan v. Bank, 182 Mo. 335. (4) The decree of the lower court was responsive to the issues made by the pleadings. A court of equity, when it once acquires jurisdiction, will go on and administer complete justice as between the parties, over the subject-matter in issue between them. In such case, where it has jurisdiction of the subject-matter, it will retain its grasp of the *res,* and, in order to avoid circuity of

action, it will go on and do complete justice. Harrison v. Craven, 188 Mo. 590; Hogan v. Bank, 182 Mo. 319; Fowles v. Bentley, 135 Mo. App. 417. (5) Respondent having tendered full compliance with all the terms of the contract on the day and at the place where it was to be performed, and also on different occasions afterwards, and having offered full performance of said contract in his petition, has met all the requirements demanded in a court of equity to obtain equitable relief upon his part. Ruffie v. Bld. & L. Assn., 158 Mo. 613; Tourgen v. Chesney, 186 Mo. 540.

## STATEMENT.

The plaintiff sued the defendant to specifically enforce the following agreement:

Agreement.

This agreement entered into this 5th day of September, 1911, by and between I. C. Van Noy, hereinafter called the seller, and Henry W. Whiting, hereinafter known as the buyer:

Witnesseth: The buyer hereby agrees to purchase from the seller all his interest in and to 57,700 shares of the capital stock of the Enterprise Land & Sheep Company, of Kansas City, Missouri, at and for the sum of $26,136, to be paid as follows:

$20,000 by note of ordinary form, payable on or before five years from date;

$6,000 by 6,000 shares of the capital stock in said company, at the par value of $1 per share.

The buyer agrees to pay the interest on the Goettel notes to date of consummation of this deal, and seller to reimburse the buyer in the sum equal to the difference between said interest and $1136.

The buyer hereby agrees to immediately begin investigation of the title to the land owned by said company (16,249 acres in Carter, Reynolds and Wayne counties, Missouri), and to close the deal within thirty days from the date hereof, provided the title is a reasonably saleable one, or can be made good in a reasonable time, and at a reasonable expense; the buyer further agreeing that upon his acceptance of said title, the seller shall be released from all personal responsibility on account of same.

The seller here agrees to pay off all indebtedness now owing by said company, except said interest accrued to Goettel

as aforesaid, and excepting the balance due on the said land, or which may become due.

In Witness Whereof, we have hereunto set our hands this day and year aforesaid.

Seller:   I. C. VAN NOY,

Buyer:   HENRY W. WHITING.

The petitioner alleges the legal effect of the above contract, and also that the defendant, I. C. Van Noy, delivered to him the 57,700 shares of stock and that he is the owner thereof; that no transfer has been made on the books of the defendant company; that the abstract of title to the lands referred to in said agreement has been delivered to plaintiff, who, after examining the same, was ready within thirty days to close the trade provided the title was a reasonably saleable one, or could be made good in a reasonable time and at a reasonable expense.

That plaintiff notified the said I. C. Van Noy that he was ready to carry out his contract upon compliance therewith by the latter; that the lands referred to in the contract had been previously owned by one. Goettel, a citizen of Pennsylvania, who had executed a deed to the defendant corporation and placed it in escrow to be delivered on the payment of $17,000, which payment was made on October 17, 1911, and the deed was recorded on October 31, 1911, in the counties of Carter, Reynolds and Wayne, where the said land was situated. That thereafter the vendee, the defendant company, made a conveyance without authority of its board of directors of said land to H. C. Koehler, to secure him a sum of money not exceeding $17,000. That said deed could only operate, if at all, as an equitable mortgage to secure the money loaned thereon by said Koehler.

The petition prays that this deed be annulled or treated as an equitable mortgage. That defendant Van Noy be required to specifically perform his contract, or to cause the transfer of the shares of stock to be

made to plaintiff on the books of the defendant company. That Koehler be restrained from disposing of the lands deeded to him by the defendant corporation, and for general relief.

The defendants' answer admitted the incorporation of one of the defendants and the execution of the contract exhibited with the petition, and that the lands conveyed to the corporate defendant were theretofore owned by one Goettel, and that his deed and that placed in escrow had been since delivered and recorded, together with the deed of trust given by the defendant corporation to secure the unpaid purchase money for said land, admitting that thereafter said defendant corporation conveyed the land to said Koehler, and that no meeting of its board of directors authorized that conveyance.

The answer denied the remaining allegations of the petition and averred plaintiff's remedy was at law. The reply took issue.

On the trial defendant Koehler filed a disclaimer of any cause.

The court rendered a decree, to-wit:

"The court doth order, adjudge and decree that within sixty days from this date, defendant, I. C. Van Noy, convey or caused to be conveyed the same or as good a title as such company had September 5, 1911, to the sixteen thousand, two hundred forty-nine acres of land described in the petition of plaintiff filed herein to the Enterprise Land & Sheep Company, a corporation, and one of the defendants in this cause, and that said company or I. C. Van Noy, defendant in this cause, deliver, if he or it has not already done so, fifty-seven thousand seven hundred shares of the capital stock of said company (defendant corporation) in valid form, at which time the plaintiff is hereby ordered, adjudged and decreed to assign and deliver to the said defendant I. C. Van Noy six thousand shares of the capital stock of said company (defendant corporation)

and execute and deliver his (plaintiff's) note to said. I. C. Van Noy for twenty thousand dollars payable on or before five years after the date thereof.

"The court doth further order, adjudge and decree, that at the time the said defendant I. C. Van Noy delivers the shares of stock above named to plaintiff, he, the plaintiff, shall then and there pay to said I. C. Van Noy in cash the sum of forty-three thousand dollars with interest thereon from this date, to-wit, September 14, 1912, at the rate of eight per cent per annum.

"The land described in plaintiff's petition and above referred to is described as follows, to-wit: [description omitted].

"The court doth further order, adjudge and decree that plaintiff have and recover of and from defendants (except defendant H. C. Koehler) his costs laid out and expended in this cause, and that execution issue therefor."

Defendant duly appealed.

## OPINION.

BOND, J. (After stating the facts as above.)—No question can exist as to the right to sue in equity for the specific performance to deliver shares of stock, whenever it is shown that the shares contracted for have no market value, or are difficult to obtain elsewhere, or there is some reasonable cause for the delivery of the particular shares arising out of the relation they bear to the control of the corporation. In all such cases the action for damages at law is wholly inadequate and complete relief can only be had in equity. [Hagan v. Bank, 182 Mo. l. c. 335; O'Neill v. Webb, 78 Mo. App. 1; Wood v. Telephone Co., 223 Mo. l. c. 550; Baumhoff v. Railroad, 205 Mo. l. c. 262; Montgomery v. Hundley, 205 Mo. l. c. 153; Dennison v. Keasby, 200 Mo. 408.]

Nor can there be any doubt that a court of equity in case of wrongful refusal of the officers of the private corporation will compel them to issue to a buyer, in lieu of shares bought by him from a shareholder, other shares in his own name. [Senn v. Mercantile Company, 115 Mo. App. 685, and cases cited.]

It is clear therefore that if the allegations of plaintiff's petition brought it within the scope of these principles, it stated a cause of action for relief in equity. A careful consideration of the averments of the petition which have been summarized in the statement shows that it makes no complaint of the failure to deliver the number of shares of stock for which plaintiff contracted. On that point the petition uses the following language:

"Third: Plaintiff further states that after the execution of said contract, and in compliance with same, the defendant I. C. Van Noy, did deliver to the plaintiff 57,700 shares of the capital stock of said defendant Enterprise Land & Sheep Company; and said stock is now in the possession and under the control of the plaintiff, and plaintiff is now the owner and holder of the same."

This eliminates from the petition any ground of equitable relief based on a refusal to deliver the shares, and as to that left the plaintiff only entitled in any event to a formal transfer on the books of the defendant showing him to be the owner of the shares.

Neither should the decree of the learned trial court have adjudged under the *present* petition that the defendant I. C. Van Noy should convey the lands described therein to the defendant corporation. There are no allegations in the present petition which makes that his duty. Whether I. C. Van Noy by virtue of his acts and doing in the acquisition of title to said lands has fraudulently secured to himself the entire assets of the corporation while bearing the fiduciary relation to it and in charge of its affairs as its president is

not set forth by any allegation or charges contained in the pleadings in this case, nor was any amendatory or supplemental petition filed after the adduction of evidence touching the conduct or methods employed by I. C. Van Noy in the obtention of title to the lands in question, so as to make such evidence the basis of the decree rendered. The rule in equity is the same as at law, that no relief or redress can transcend the causes of action stated in the pleadings. In equity suits any relief *consistent* with the pleadings is obtainable upon sufficient proof when there is a prayer for general relief. [Phillips v. Jackson, 240 Mo. l. c. 336, and cases cited; McLure v. Bank, 252 Mo. l. c. 520.] But beyond that the court is not permitted to go. [Wilson v. Wilson, 255 Mo. l. c. 537-8.]

If unpleaded grounds of equitable relief were disclosed during the progress of the trial, an application for an amendatory or supplemental petition would have been timely. [Newham v. Kenton, 79 Mo. l. c. 387.]

In the case at bar no such request was made and no such action taken. It is evident that the decree of the chancellor in so far as it directs the conveyance by I. C. Van Noy of the lands in controversy to the defendant corporation is based wholly on matters outside the scope of any allegations stated in plaintiff's petition. It must therefore be reversed and the cause remanded to be proceeded with in a manner not inconsistent with this opinion. It is so ordered. All concur.