NEW FIRST NATIONAL BANK, A CORPORATION, AND S. O. POTTORFF, RECEIVER, APPELLANTS, v. C. L. RHODES PRODUCE CO., RESPONDENT.—37 S. W. (2d) 986.

In the Springfield Court of Appeals. Opinion filed April 30, 1931.

*Frank B. Williams* and *A. P. Stone, Jr.,* for appellants.

*W. D. Tatlow* for respondent.

BAILEY, J.—This is a suit to recover the amount due on certain checks and for money had and received. The original petition was filed by plaintiff bank on November 19, 1927, before it went into the hands of a receiver, and was returnable to the January term, 1928, of the Greene county circuit court. This petition was in two counts. The first count charged that on March 8, 1927, defendant deposited in plaintiff's bank four checks of John W. Rhodes & Company, each in the sum of $2620, making a total deposit of $10,480; that the consideration of said checks was four carloads of eggs, shipped from Springfield, Missouri, to Chicago, Illinois, in the name of C. L. Rhodes Produce Company on memorandum bill of lading, to which bank drafts were attached; that before the bank drafts were collected defendant had stopped delivery of said four carloads of eggs and afterwards sold and disposed of said eggs and appropriated the proceeds in the sum of $10,600, to its own use; that when said deposit of $10,480 was made on March 8, 1927, it was entered as a credit to defendant's account, and defendant thereafter drew checks against said account to the full amount thereof and on April 4, 1927, the account was closed; that all four checks so deposited as aforesaid, were dishonored by the drawee bank for insufficient funds, of which fact defendant was duly notified and subsequently the drawer made two of them good but the remaining two checks were not made good. Judgment was prayed in the sum

of $5240. The second count was as follows: ''For another and further cause of action plaintiff repeats and re-alleges the allegations of paragraph 1, of count 1, and further says that defendant is indebted to plaintiff in the sum of five thousand two hundred forty ($5,240) dollars, for money paid to defendant by plaintiff and for money had and received of plaintiff by defendant, to defendant's use, on the 9th day of March, 1927, for which plaintiff prays judgment, together with interest from said date at the rate of six (6%) per cent per annum and for costs.''

The answer is of considerable length. It contains a general denial of the substantive allegations of the petition and further pleads that on March 9, 1927, defendant was owner of the four carloards of eggs which it sold to John W. Rhodes & Company; that said John W. Rhodes & Company gave defendant four checks for $2620 each on plaintiff bank and deposited four drafts with bills of lading attached, in plaintiff bank and received credit therefor; that plaintiff knew said four checks (or drafts) were for the purchase price of said eggs and that, ''the four carloads of eggs belonged to the defendant, C. L. Rhodes Produce Company, and not John W. Rhodes & Company, until they were paid for, and that the said four checks given to it, as aforesaid, by the said John W. Rhodes & Company, were given in payment of the purchase price thereof, and with the understanding that the title to the said four cars of eggs should remain in C. L. Rhodes Produce Company until paid for, and that if the said checks were not paid, that the defendant would not in fact receive payment for its eggs, and hence the said plaintiff was at all times charged with knowledge of the fact that the proceeds received from the sale of said eggs in Chicago could not lawfully be used by the said John W. Rhodes and Company to pay any indebtedness or overdraft which the said bank claimed the said John W. Rhodes and Company then and there owed the plaintiff bank; and with full knowledge of this fact the plaintiff is seeking to unlawfully appropriate and convert to its own use the proceeds from the sale of defendant's eggs by claiming and asserting that the defendant is indebted to it to the amount of said checks. That to permit the plaintiff to recover on the said checks would enable it to appropriate the property of this defendant to the payment of the indebtedness which it claims that John W. Rhodes & Company owes it, and for which this defendant was not at any time obligated or responsible therefor.''

Thereafter, S. O. Pottorff was appointed receiver for plaintiff bank and on June 23, 1928, the court sustained a motion requiring the receiver to be joined as party plaintiff and on the same day the cause was, by order of court, referred to the Hon. F. M. McDavid to hear and determine the issues and report thereon. The

cause was heard before said referee in May, 1929. Thereafter, on the 2nd day of October, after the taking of the testimony before the referee but before the filing of his report, plaintiffs, by leave of court, filed an amended petition, the substantive part of which is as follows: "For cause of action against defendant, plaintiff states that on the 8th day of March, 1927, the plaintiff was the legal and equitable owner of three certain carloads of eggs of the value of seven thousand nine hundred and fifty ($7,950) dollars and that defendant thereafter converted and appropriated said three carloads of eggs to its own use and sold the same for the sum of $7,950, and received the proceeds thereof, and that defendant is indebted to plaintiff for money had and received in the sum of $7,950, for which plaintiff prays judgment, together with interest thereon from the 8th day of March, 1927, at the rate of six per cent (6%) per annum, and for costs."

On January 28, 1930, the referee filed his report finding the issues in favor of defendant. Plaintiff duly filed exceptions thereto. On February 7, 1930, defendant filed a motion to strike out plaintiff's amended petition and also a motion for judgment on the referee's report. Thereafter, on April 26, 1930, the court sustained defendant's motion to strike out plaintiff's amended petition, overruled plaintiff's exceptions to the referee's report, and rendered judgment thereon in favor of defendant. Plaintiff appealed. The appeal was granted to this court. Plaintiff's motion to have the appeal granted to the Supreme Court was overruled.

The first question raised on this appeal relates to the jurisdiction of this court. The original petition sought to recover $5,240, while the amended petition sought to recover $7,950. Our jurisdiction is limited to actions wherein the amount involved does not exceed $7500. [Sec. 2418, R. S. 1919.]

The right of plaintiff to file an amended petition at any time before final judgment in order to conform to the evidence, so long as the amended petition does not substantially change the cause of action, is recognized by the statutes and decisions of this State. [Sec. 819, R. S. 1929; Whiting v. Land & Sheep Co., 265 Mo. 374, 177 S. W. 589.]

In the case at bar upon the filing of the amended petition, which was complete in itself, plaintiff abandoned the original petition and it no longer constituted a part of the pleadings in the case. [Ross v. Mineral Land Co., 162 Mo. 317, 62 S. W. 984; State ex rel. Johnson v. Heller et al., 295 S. W. 132.]

What effect did the action of the trial court in thereafter striking out the amended petition have? Plaintiff did not refile the original petition and in fact refused to plead further but, in effect, stood on its amended petition. At the time the judgment was rendered

on April 26, 1930, which was the same day the amended petition was stricken out, there was no petition except the amended petition. The striking out of the amended petition could not have the effect of ·reinstating the original petition. ['Beattie Mfg. Co. v. Gerardie, 166 Mo. 142, 65 S. W. 1035.] Since the amended petition laid claim to an amount in excess of our jurisdiction and was the only petition before the court at the time the judgment was rendered, it is our opinion the appeal should have been to the Supreme Court.

Defendant argues the amended petition was never actually permitted to be filed, because at the time the trial court permitted it to be filed the referee had not made his report and the court had no way of knowing whether or not the amended petition constituted a departure from the original petition. But the amended petition was permitted to be filed and therefore the original petition was abandoned. Whether or not the amended petition, heretofore set forth, constitutes a departure from the original petition, is one we cannot decide unless jurisdiction is in this court. If we should decide the amended petition was not a departure, then it would stand and jurisdiction would clearly lie with the Supreme Court. There seems to be no case exactly in point, but as the matter is presented * here the question involved affects plaintiff's right to recover an amount in excess of our jurisdiction and we think the cause should be transferred to the Supreme Court. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.