256 S.W.2d 810 (1953)
WEIR et al.
v.
BRUNE et al.
No. 43139.
Supreme Court of Missouri, Division No. 2.
March 9, 1953.
Rehearing Denied April 13, 1953.
J. Raymond Dyer and Alexander M. Goodman, St. Louis, for appellants.
J. E. Sigoloff and Charles S. Sigoloff, St. Louis, for respondents.
BARRETT, Commissioner.
This reassigned appeal is an action for damages on behalf of two minors. The petition is in three separate counts and seeks actual and punitive damages against the owners and lessors of a "tenement" for personal injuries sustained when the children were bitten by a rat. The first count is based, primarily, upon the violation of *811 an ordinance of the City of St. Louis, known as the "rat ordinance." "Alternative" count two is based upon "common law negligence," the maintenance of a dangerous nuisance, "a harborage" for rats. And "alternative" count three is based on "fraudulent breach of contract" in the rental of the premises to the children's mother and next of friend. The defendants filed a motion to dismiss all three counts of the petition upon the ground that "said counts fail to state facts sufficient to constitute causes of action against defendants." The judgment appealed from "doth order that said motion be sustained as to Count One, and overruled as to Counts Two and Three of said petition." The question briefed and argued is whether count one of the petition states a claim upon which relief can be granted, in other words whether that count states a cause of action. Hyde & Douglas "The Civil Code Act of 1943," Sec. 1, 2 Carr, Civil Procedure, p. 539. It is thus obvious that the first question to challenge attention is whether, counts two and three not having been disposed of, the appeal is premature and should therefore be dismissed.
It is urged by the appellant that there is a difference between "case" and "action" and, as illustrated by the appellants' original petition, the two counts embraced two causes of action which have been carried forward in the three counts of their amended petition. Therefore, it is urged, that the trial court "did dispose of, not the whole `case,' but of a `distinct or auxiliary branch thereof which is all that is necessary to make that disposition final and appealable." It is urged that the plaintiffs have a right of election and that if this appeal is dismissed for lack of jurisdiction the appellants will be deprived of that right, while the appellant admits that Rule 3.29, providing for separate trials of claims, was not followed, it is urged that the counts are in fact separate claims and since there has been an effective final disposition of count one, for the purposes of an appeal the other counts have been disposed of.
When the appellants filed their amended petition they abandoned their former petition and, properly, it is not set forth in this transcript and is not now appropriately before this court. New First National Bank v. C. L. Rhodes Produce Co., 225 Mo.App. 438, 37 S.W.2d 986; Wood v. Wells, Mo.Sup., 270 S.W. 332; Spotts v. Spotts, 331 Mo. 917, 55 S.W.2d 977, 87 A.L.R. 660. The separate counts may or may not involve common questions of law and fact, but the fact remains that the trial court did not order a separate trial of counts two and three and the appellants made no effort to have the court do so and as they tacitly admit there was no compliance with V.A.M.S. §§ 510.180, 511.040, 507.050 and Supreme Court Rule 3.29, and so the judgment is not final in the appellate sense by reason of the counts of the petition being separable or separate trials having been ordered as to those counts, see and compare: Lightfoot v. Jennings, Mo.Sup., 254 S.W.2d 596; Harper v. St. Joseph Lead Company, 361 Mo. 129, 233 S.W.2d 835. This record is so plainly not a final judgment for appellate purposes as to require no discussion. The court sustained a motion to dismiss count one of the petition and the court overruled the motion as to counts two and three and so those two counts have not been disposed of, hence the appeal is premature. There is no reason apparent upon this record for not applying the general rule and accordingly the appeal is dismissed. V.A.M.S. §§ 511.020, 512.020; Rule 3.24; Graham v. Bottorff, Mo.App., 240 S.W.2d 191; Deeds v. Foster, Mo.Sup., 235 S.W.2d 262; Wicker v. Knox Glass Associates, 362 Mo. 614, 242 S.W.2d 566, 571; Kidd v. Katz Drug Co., Mo.App., 244 S.W.2d 605; White v. Sievers, 359 Mo. 145, 221 S.W.2d 118; Farmers Mutual Hail Ins. Co. v. Garnand, Mo.App., 238 S.W.2d 437.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.