**Bessie MORRISON, Plaintiff-Appellant,**

v.

**ESTATE of Lulu Bell MARTIN, Avis L. Lewis, Administratrix, Defendant-Respondent.**

No. 32783.

St. Louis Court of Appeals.

Missouri.

April 16, 1968.

Vogel & Frye, Cape Girardeau, for plaintiff-appellant.

Spradling, Bradshaw & Drusch, Timothy F. Ruddy, Cape Girardeau, for defendant-respondent.

DOERNER, Commissioner.

This appeal involves a claim against a decedent's estate for services alleged to have been rendered and for reimbursement for an advancement. While the issue was not raised by the parties, it has become our duty to determine whether or not a final appealable judgment has been entered in the cause. Beuttenmuller v. Vess Bottling Co. of St. Louis, Mo., 395 S.W.2d 204; Dudeck v. Ellis, Mo., 376 S.W.2d 197. We have reached the conclusion that the appeal is premature and must be dismissed.

On September 16, 1965, Bessie Morrison filed her claim against the Estate of Lulu Bell Martin to recover the sum of $1050 for services, and the sum of $26.00 for toll telephone calls made for the decedent. After a hearing the Probate Court allowed plaintiff $26.00 as reimbursement for the telephone calls. Plaintiff then took an appeal to the Circuit Court. On December 22, 1965, which was within the nine months

period allowed for the filing of claims, plaintiff filed an amended claim in the Circuit Court, but whether or not leave to do so was first obtained is not stated in the transcript. In it she asked for $2,646.00 for services rendered and reimbursement of $26.00 for the toll telephone calls. Thereupon the defendant filed a motion to strike the amended claim on the ground that it contained items not included in the claim litigated in the Probate Court and that the Circuit Court therefore lacked jurisdiction to consider it and render judgment regarding the same. On November 15, 1966, the court entered an order in which it recited that it found in favor of the administratrix and ordered and adjudged that defendant's motion to strike plaintiff's amended claim was sustained. Plaintiff then brought this appeal.

 As our appellate courts have pointed out in numerous decisions, the right of appeal is purely statutory and where the statutes do not give such a right, no right of appeal exists. Walker v. Thompson, Mo., 338 S.W.2d 114; Dudeck v. Ellis, supra. Our statute, § 512.020, RSMo 1959, V.A.M.S., provides, so far as here material, that an aggrieved party may take an appeal from, "* * * any final judgment in the case * * *." A judgment is defined in § 511.020 as, "* * * the final determination of the right of the parties in the action" and it has often been said that a final appealable judgment is ordinarily one which disposes of all parties and all issues in the case. Scheid v. Pinkham, Mo., 395 S.W.2d 166; Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596. Absent specific authority, appeals do not lie from rulings on motions which do not constitute a final disposition of the cause, as cases are not to be brought to appellate courts by appeal in detached portions. Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597; Madison v. Sheets, 361 Mo. 712, 236 S.W.2d 286. The order striking plaintiff's amended claim did not dispose of the claim as presented to the Probate Court, and therefore was not a final judgment from which an appeal will lie. Concrete Engineering Co. v. Plaza Royal Amusement Co., Mo., 24 S.W.2d 1031; Pearce v. McClanahan, 50 Mo. 267; Dixson v. St. Louis Transit Co., 165 Mo.App. 238, 146 S.W. 1179.

The appeal is dismissed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, appeal dismissed.

ANDERSON, P. J., WOLFE, J., and DOUGLAS W. GREENE, Special Judge, concur.

RUDDY, J., not participating.