BLAIR N. WINNING v. MARCY K. BROWN, MARCY K. BROWN, Trustee, KENT BROWN ET AL., Appellants.—100 S. W. (2d) 303.

Division Two, December 23, 1936.

*M. E. Casey* for trustee; *Marcy K. Brown* for Kent Brown.

*Gossett, Ellis, Dietrich & Tyler* for respondent; *A. N. Gossett* of counsel.

180

*Cooper, Neel, Kemp & Sutherland* for Gertrude Winning and A. L. Cooper, guardian *ad litem.*

WESTHUES, C.—This case, coming to the writer on reassignment, is an appeal on the record proper. The suit was filed by Blair N. Winning against certain defendants, hereinafter mentioned, to declare void a certain trust deed and to try and determine title to property described in said trust deed, located in Jackson County, Missouri. The trial court heard the case upon the merits and entered a decree declaring the trust deed void and further decreeing that the defendant, Gertrude Winning, was the owner in fee of the property. The decree further ordered that Marcy K. Brown, as trustee, should, by appropriate deeds, convey the property to the defendant, Gertrude Winning. From this decree the defendant Marcy K. Brown, individually, and as trustee under the trust deed, and the defendant Kent Brown, appealed. The other defendants did not appeal.

The defendants were Marcy K. Brown, individually, and as trustee under the trust deed, Marcy K. Brown, Jr., and his wife, also Kent Brown, Gertrude Winning, the wife of plaintiff, Jane Blair Winning and Nancy Janet Winning, minors and children of plaintiff and defendant, Gertrude Winning, also Marcy K. Brown, Jr., as administrator of the estate of Pierre S. Brown, deceased.

The controversy arose over a trust deed alleged to have been executed by Pierre S. Brown and wife, the parents of the defendant, Gertrude Brown Winning. Pierre S. Brown was the brother of Marcy K. Brown. The defendants, Marcy K. Brown, Jr., and Kent Brown, were nephews of Pierre S. Brown and sons of Marcy K. Brown.

Appellants assert that the judgment of the trial court must be reversed because the plaintiff did not have such an interest in the property as to authorize the filing of the suit, and, therefore, the trial court did not acquire jurisdiction over the subject matter. We will only mention such allegations of plaintiff's lengthy petition as we deem necessary to an understanding of the issues presented to the trial court. Plaintiff asserted that he was the husband of the

defendant, Gertrude Winning; that his wife was the only child of the deceased, Pierre S. Brown, and, therefore his sole heir; that the wife of Pierre S. Brown was deceased; that Pierre S. Brown died intestate, owning certain real estate described in the petition, located in Jackson County, Missouri, and also land in Texas County, Oklahoma. The petition further stated that a certain trust deed appeared on record, purporting to have been executed by Pierre S. Brown and his wife, conveying to the defendant Marcy K. Brown the property described in the petition in trust for certain purposes. The details of the trust therein created need not be stated. However, upon the happening of certain events, the defendants, Marcy K. Brown, Jr., and Kent Brown, were given an interest in the property. The petition alleged that the trust deed also contained what is termed an *in terrorem* clause; that if any person should contest the validity of the trust deed such person forfeited all interest thereunder. The petition further alleged that the trust deed was void because it was never delivered by the deceased, and, therefore, was never legally effective, also that the defendant Marcy K. Brown was the brother and legal advisor of the deceased, and that the deed, if ever executed, was the result of undue influence on the part of Marcy K. Brown for his own pecuniary benefit and profit and to the advantage of his two sons. The trust deed provided that the trustee was to receive a compensation of ten per cent on the gross income from the property. The petition prayed for a hearing and determination, by the court, of the respective rights and interests of the several parties plaintiff and defendants.

We need discuss only the answers filed by appellants. Marcy K. Brown, individually, and as trustee, filed a lengthy answer and cross-bill setting forth in substance the facts relating to the alleged execution of the trust deed and its provisions, also admitting certain allegations of the petition. The answer further alleged that the defendant, Gertrude Winning, the wife of plaintiff, had, with the trustee's consent, collected large sums as rent from the tenants occupying the property subject to the trust; that she had not accounted to the trustee for said sums and asked the court to require the defendant, Gertrude Winning, to account to the trustee for the money so collected. The trustee, in his answer, also asked the court to appoint a receiver for the property pending the outcome of the litigation. The answer concluded as follows:

"Defendant trustee further states that plaintiff herein, Blair N. Winning, and defendant, Gertrude Winning, his wife, have connived together to contest the aforesaid trust deed and to that end have brought this suit in the name of Blair N. Winning; that the aforesaid Gertrude Winning claims to be in the absolute, open, continuous and exclusive possession of the aforesaid trust property and is claiming to own and control same contrary to and in violation and defiance

of the terms of the aforesaid trust deed; that said defendant, Gertrude Winning, by and through the suit filed herein by her husband and through her action and conduct in claiming absolute right and ownership to said trust property is contesting the validity of said trust deed and is attempting to vacate and annul same in violation of the terms of said trust deed.

"Defendant further states that said trust deed provides that upon the decease of the last surviving one of said beneficiaries, Gertrude Brown and Gertrude Winning, then all the remaining part of said trust properties shall be conveyed by said trustee in equal shares to the parties in said deed named.

"Said trustee further represents to the court that insomuch as said Gertrude Winning and her husband, Blair N. Winning, have forfeited their interest in said estate, said trustee is in doubt as to whether or not it becomes his duty at this time to convey said property to the remaindermen named in said deed in the same manner as if the said Gertrude Winning were dead.

"Wherefore, said trustee requests the court to construe the aforesaid deed as to the disposition that said trustee shall make of said property as a result of any forfeitures which may have been made, and determine whether or not said Gertrude Winning and Blair N. Winning, or either of them, have forfeited their interest in said trust deed; and for a further judgment and decree of this court ascertaining, determining, defining and adjudging the title, estate and interest of the parties hereto severally and respectively as the same may be, if any, in or to said lands and any of same situate in Missouri, and upon the trial of this cause to hear and finally determine any and all rights, claims, interests, liens, and demands whatsoever of the parties hereto, or any of them, concerning or affecting said real property located in Missouri, and to award full and complete relief, whether legal or equitable, to the several parties to this action, and to each of same as they may be respectively entitled thereto, and for such other, further, or different relief as to the court may seem just and proper.

"Said defendant further prays an order and judgment of the court, directing and requiring defendant, Gertrude Winning, and her husband, Blair N. Winning, to make and render a complete and full account to said estate and Marcy K. Brown, as trustee thereof, for all rentals, moneys, or income received by her from the aforesaid trust property, as well as for all moneys, profits or income received from or through any moneys or funds collected by her or her said husband belonging to said trust estate, and for a further order and decree appointing a receiver to take charge of all of said trust property, preserve and protect same from waste, collect the rents and profits from same, and preserve the property, together with the

profits and income therefrom, pending the final judgment and decree of the court in this cause.''

The answer of the other appellant was, in part, as follows:

''Defendant, further answering, denies that said deed is invalid and ineffectual and denies that said deed was not delivered or intended to make effect until after the death of said Pierre S. Brown, and denies that said deed was induced or procured through undue influence and advice of Marcy K. Brown, or any other person or persons, and further denies that Gertrude L. Brown, deceased, was at the date of executing said trust deed mentally incompetent and incapable of transacting business.

''Defendant, further answering, states that by virtue of said trust deed he is the owner of and entitled to a vested interest in the properties described in said deed.''

This, appellant also asked the court to determine and adjudge by its decree the rights and interests of the various parties interested in the lands described.

The defendant, Gertrude Winning, stated in her answer to the plaintiff's petition and reply to appellants' answers that she had been in the absolute, open, continuous and exclusive possession of the lands described since the 5th day of April, 1922, the date of the death of her father, without any agreement and without any consent or understanding with defendant Marcy K. Brown. The answer specifically denied the collusion and connivance with her husband, as charged in the answer of Marcy K. Brown, also, that she was summoned into court and ''now here submits all issues affecting her and her rights and interests in the premises to this court for determination.'' The answer further asked the court to require proof of the allegations made in the respective pleadings filed in the cause.

Under points and authorities appellants have briefed at length the question of plaintiff's capacity to maintain this action. We may concede, for the purpose of this case, while not so deciding, that plaintiff did not own such an interest in the subject matter of the litigation as to confer jurisdiction upon the trial court, and further concede, as appellants contend, that consent of the parties cannot confer jurisdiction. Appellants, however, have such an interest under the trust deed that they could maintain an action herein. The cross-bill and answer of Marcy K. Brown conferred jurisdiction upon the court of the subject matter of this litigation. By the answer of the trustee it was disclosed that, but for the trust deed, defendant, Gertrude Winning, was the absolute owner in fee of the property described in the deed. Appellants' interest in the property, if any they had, was derived from the trust deed. Appellant, Marcy K. Brown, in his cross-bill, asked the court to enforce the forfeiture clause contained therein, and expressly asked the court to instruct the trustee as to the disposition he should make of the property as a result of

the alleged forfeiture, and to determine whether or not there had been a forfeiture.

Appellants assert that a court will not hear and determine a moot case; that. lawsuits contemplate adverse and hostile parties. The pleadings disclose sufficient hostility between the plaintiff and appellants to maintain a number of interesting lawsuits. If no adverse interest existed, because of the lack of any legal right in the plaintiff, the issues as finally made up disclosed adverse interests between the defendant, Gertrude Winning, and appellants. Issue was joined on these disputed claims and adverse interest, and the question for their determination was not only voluntarily submitted by the pleadings, but appellants affirmatively joined issue with the plaintiff and petitioned the court to adjudicate the questions in controversy. Appellants, having thus conferred jurisdiction upon the court by the answers and cross-bill, are in no position to question the jurisdiction thus invoked.

Appellants also assert that the issues presented were for a jury and, therefore, the judgment below should be reversed and the cause remanded so that a jury trial may be had. Appellants, by their cross-bill, invoked the equitable jurisdiction of the court to interpret and construe the alleged trust deed and asked for the enforcement of a forfeiture thereunder. The issues were, therefore, triable by a court of equity. When equitable relief is sought, as in the case before us, then a court of equity may retain jurisdiction and determine all the issues, both legal and equitable. In Harger v. Barrett, 319 Mo. 633, 5 S. W. (2d) 1100, l. c. 1102 (1-3), this court said:

"Whether testamentary construction will alone suffice to authorize the exercise of equitable jurisdiction need not concern us in the determination of the matters at issue. The statute (Sec. 1970, R. S. 1919), under which the action was brought, is comprehensive in its terms, and relief thereunder may be invoked by any person claiming any title, estate, or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion or remainder, and whether the party be in possession of the property or not. The pleadings herein ask equitable relief; the case was tried and determined as one in equity, and we are therefore authorized in so classifying it.

The trial court found, by its decree, that the trust deed was void. The decree also declared that the defendant, Gertrude Winning, was the owner in fee of the real estate described, as the sole heir of Pierre S. Brown, deceased, and directed the trustee to convey the lands to the defendant, Gertrude Winning. Appellants, as before stated, presented for our review only the record proper. They filed no bill of exceptions. Since we have concluded that the trial court had jurisdiction to try and determine the issues upon the cross-bill of

appellants; and that the decree is within the pleadings, the judgment must be affirmed.

Appellants also filed a motion to retax the costs and to allow an attorney's fee for the attorney representing the trustee. This was a proceeding in equity and the trial court's decree was based upon the evidence presented at the trial. That evidence, we must presume, justified the court in denying the allowance of an attorney's fee. We are, therefore, not authorized to disturb the order. The judgment is affirmed. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.