JOHN A. ROBINSON v. PERCY C. FIELD and DWIGHT ROBERTS, Appellants.—117 S. W. (2d) 308.

Division One, May 26, 1938.*

---

*NOTE: Opinion filed at September Term, 1937, April 1, 1938; motion for rehearing filed; motion overruled at May Term, 1938, May 26, 1938.

*W. H. H. Piatt* and *Edgar J. Keating* for appellants.

*Cross & Cross, Hull & Clevenger* and *Harry A. Hall* for respond-
ent.

782

HYDE, C.—This case, recently reassigned to the writer, was commenced as an action to have a deed (conveying farm land in Clinton County) "declared void" because it "was without consideration." (As stated in paragraph "F" of plaintiff's amended petition.) After an amended and second amended petition (which defendants claim were departures), the court entered a decree ordering defendants "to execute and deliver a proper conveyance of said lands to the plaintiff;" and also granting other relief. Defendants have appealed from this decree.

Plaintiff's first petition was filed in Clinton County in June, 1933. A similar petition involving other farm land was also filed in Platte County at the same time. At the September Term, 1933, defendants filed an answer, which was a general denial, and a motion for judgment on the pleadings. This motion was never ruled by the court,

but in December, 1934, plaintiff filed an amended petition. In the meantime, defendants had filed suit in equity against plaintiff (August, 1933) in Jackson County seeking to establish defendants' claim for attorneys' fees due them from plaintiff, alleged to be reasonably worth $35,000. In their Jackson County petition, defendants alleged that the Clinton and Platte County farms were conveyed to them in consideration of the sum of $8000 in attorneys' fees due them from plaintiff; and they offered to reconvey these farms for $8000 and interest less income received. Defendants by this suit also sought to impound certain assets of plaintiff held by the City Bank & Trust Company of Kansas City as security for a loan it had made to plaintiff, to have a receiver appointed to take charge of these assets and other property of plaintiff, to have defendants' fees declared a lien thereon, and to have the proceeds derived therefrom applied to the payment of defendants' fees.

The material parts of plaintiff's amended petition filed in December, 1934, were as follows:

(A) "Plaintiff states he employed defendants upon the terms (that he, defendant Field, would leave the matter of compensation entirely up to the plaintiff at whatever sum plaintiff might be willing to pay) and pursuant to said agreement the defendants represented the plaintiff as his attorneys, and as such counseled and advised him in regard to his business and legal matters, and that they continued to act as his attorneys from said date until after May 11, 1931.

(B) "Plaintiff states that during said time defendants grossly misrepresented to plaintiff that the litigation and claims in which they were representing him would lead to almost certain arrest and conviction under serious criminal charges and servitude in the penitentiary, in addition to judgments in large sums, which would completely deprive him of all his real estate and personal property, together with the loss of his right to practice as a physician.

(C) "Defendants also advised him that he should convey his real estate to them so that they would be in a position to make cost, appeal, and other bonds, in the threatened and pending litigation. Defendants also advised plaintiff that he should deed said real estate to them as and for security for their attorneys' fees. Plaintiff states that relying upon the truth of said representations and the advice and counsel of the said defendants he did in fact convey to the said defendants on May 11, 1931, the following described property: (describing land) together with additional real estate in Platte County, Missouri; that pursuant to their advice he made the deeds, showing the consideration to be for attorneys' fees due the defendants.

(D) "Plaintiff states that said representations were false and

untrue and made fraudulently and intentionally by the defendants for the express purpose of deceiving plaintiff and inducing him to convey his real estate to them and pay them large sums of money as and for attorneys' fees, all of which the defendants well knew.

(E) "Plaintiff states that he has paid defendants a reasonable fee for their services and has demanded that they reconvey said property to him, but the defendants have failed and refused to reconvey the property to plaintiff unless he meets their demand for the payment of additional attorneys' fees.

(F) "Plaintiff states that the conveyance of said property was without consideration and that the defendants do not have any legal or equitable right, title, claim or interest in and to said land.

"Wherefore, plaintiff prays the court to cancel said deed and hold that the same is null and void, and for such other and further relief as may be equitable and just." (We have designated each paragraph by letter for purposes of comparison with the second amended petition later filed.)

Defendants filed motions to strike this amended petition on the ground that it was a departure from the original petition. In October, 1935, the judge of the Circuit Court of Clinton County made a vacation order restraining defendants from proceeding in the suit filed by them in Jackson County. Prior to that plaintiff had unsuccessfully sought prohibition against the Jackson County court. [State ex rel. Robinson v. Wright (Mo.), 85 S. W. (2d) 561.] At the January Term, 1936, defendants' motions to dismiss for departure were overruled. Defendants had also filed a motion to dismiss on the ground that the petition did not state sufficient facts to constitute a cause of action and on the further ground that plaintiff had refused to appear and give his deposition. This motion was also overruled. Defendants had a term bill of exceptions allowed showing these motions and the action of the court thereon at the January Term, 1936. At the April Term, 1936, at which all further proceedings herein involved were had, defendants filed separate pleas in abatement in which they stated that they appeared specially to raise the question of jurisdiction upon the ground that plaintiff's original petition was a nullity; that plaintiff was not and never had been a resident of Clinton County; that defendants were not and never had been residents of Clinton County and were not subject to an action therein "to ascertain and fix the value of defendants' services as attorneys to plaintiff and to reclaim and recover from them a claimed overpayment of fees." This plea also stated that defendants' action was pending against plaintiff in Jackson County prior to the filing of plaintiff's amended petition, and set up plaintiff's unsuccessful attempt to obtain prohibition in this court. These pleas in abatement were overruled, and defendants

then filed demurrers raising the question of jurisdiction and the insufficiency of plaintiff's amended petition. These demurrers were also overruled. Defendants were then given time to plead, during recess adjournment of the April, 1936, term, and they thereafter filed separate answer to plaintiff's amended petition.

These answers also raised the question of jurisdiction both of person and of subject matter; but they each contained a counterclaim based upon the same facts stated in the suit in Jackson County and sought the following affirmative relief:

"That the fees of defendant be established and allowed by this court in the sum of $35,000; that should said Robinson elect to have said farms re-conveyed to him and accept the net income received by this defendant in accordance with a strict accounting of monies received and distributed to date, and pay these defendants said reasonable sums for fees due them as aforesaid, these defendants pray judgment for such sums as will effect said equitable distribution and election, and these defendants pray judgment for interest on said sums, resulting from said equitable adjustment from date of May 11, 1931, to date of judgment; and should said Robinson elect to have this defendant and his co-defendant keep said farms on account of $8,000 paid as aforesaid, these defendants pray judgment in the sum of $27,000, less a credit of $3,600 heretofore paid on account of said fees, leaving a net judgment of $23,390.95, plus the taxes to be paid by grantor and for such sums as he has since taken from said farms; that said sum should bear interest from date of June 8, 1934, at the rate of 6% per annum; that injunction heretofore issued by this court in case of Percy C. Field and Dwight Roberts vs. John A. Robinson and City National Bank & Trust Company be dissolved and held for naught, and such other and further judgments as may appear to this court to be just and proper."

In regard to the farms, which plaintiff sought to recover, defendants' answers stated that the two farms were conveyed to them (and so accepted) as partial payment on account of attorneys' fees (the Clinton County farm being taken "as payment of $3,500.00," and the Platte County farm "as payment of $4,500.00;" but that they were "willing to do equity herein in every respect and in this court tender back to said Robinson deeds to said land and offer to make an accounting for all income collected from said land upon said Robinson's payment to this defendant and said Roberts the consideration of said deeds, to-wit, $8,000 and interest thereon since May 11, 1931." Defendants also presented a motion (which the court overruled at the April, 1936, term) seeking to enjoin plaintiff from prosecuting his Platte County case. This motion stated that the Platte County case "grew out of and is a part of the same subject matter

and transactions as this action,'' which were also the same transactions involved in the Jackson County case.

Defendants contend that the original petition was a nullity and could not be amended; that defendants' motion to strike the first amended petition should have been sustained; that defendants' **pleas** in abatement against the first amended petition should have been sustained; that defendants' motion for judgment on the pleadings (after the first amended petition was filed) should have been sustained; that the restraining order against defendants' Jackson County suit was a nullity; and that all of these matters have been preserved for review by term bills of exceptions. Clearly the original petition did not state sufficient facts to constitute a cause of action to have the deed set aside, because "as against the parties, . . . the question of consideration is immaterial and a purely voluntary conveyance is valid.'' [8 R. C. L. 961, sec. 35; 18 C. J. 162, sec. 42; Chambers v. Chambers, 227 Mo. 262, 127 S. W. 86; Clark v. Skinner, 334 Mo. 1190, 70 S. W. (2d) 1094; see, also, Franklin v. Moss (Mo.), 101 S. W. (2d) 711, and cases cited.] [2] However, these cases hold that "consideration expressed in deeds is open to explanation by parol evidence,'' and this petition alleged that defendants "in truth and in fact'' had no title to the land. It was defective because it alleged conclusions instead of facts. Further facts, concerning the transaction described, could show rights in the land conveyed which would disclose that defendants, because of the actual consideration and purpose of the deed, were not absolute owners in fee and which would warrant setting the deed aside to revest the title in the grantor. Such facts were stated in the first amended petition, namely : that the conveyance was made so that defendants "would be in a position to make cost, appeal and other bonds . . . and for security for their attorneys' fees;'' that to obtain them defendants made fraudulent misrepresentations to plaintiff concerning the character of the litigation in which he was involved; that plaintiff "has paid defendants a reasonable fee for their services;'' and (at least by intendment) that the litigation was over and defendants' services had ended. The amended petition still attacks the validity of the same transaction originally described and seeks the same relief against it. We hold that the court properly allowed the amendment under the rules stated in Jensen v. Hinderks, 338 Mo. 459, 92 S. W. (2d) 108, and Lee v. St. Louis Public Service Co., 337 Mo. 1169, 88 S. W. (2d) 337, and cases therein cited. Therefore, the court correctly ruled the several motions directed against the first amended petition.

Any question concerning the restraining order against defendants' Jackson County suit became immaterial when defendants tossed the whole matter into the lap of the Clinton County Court by

their answers and counterclaim, by which they sought to have the latter court adjudicate every phase of all transactions between them and plaintiff. When defendants thus invoked the Circuit Court of Clinton County to try out the whole controversy and grant them the same affirmative relief they had sought in the Jackson County equity suit (except as to the Kansas City Bank which was not a party), and began to participate in the trial thereof, and permitted evidence in regard to the Platte County transaction without objection, all questions of jurisdiction of person and subject matter were also waived and went out of the case; and there was no way for defendants to put them back in by afterwards dismissing their counterclaim or otherwise. The case of Mertens v. McMahon, 334 Mo. 175, 66 S. W. (2d) 127, cited by defendants, does not help them toward keeping jurisdictional questions alive in this situation, because there no counterclaim was filed and no affirmative relief of any kind was sought. That case is direct authority against defendants' contention because this court there said: "Of course, such defendant (seeking to keep alive a question of jurisdiction) must not take any affirmative action in the case showing that he is willing to submit the trial of the whole case to the court or jury before which it is pending . . . and *must not seek affirmative relief on his part such as filing a counterclaim.*" We hold that, when the trial began in the April Term of the Clinton County Court on plaintiff's first amended petition and defendants' counterclaim, that court had obtained complete jurisdiction by defendants own request for such affirmative relief to try all the issues concerning attorneys' fees between plaintiff and defendants, to fix the total amount defendants were entitled to be paid for all services rendered, and to determine what disposition should be made of all property in the possession of defendants (whether land or notes) held as security for the payment of their attorneys' fees.

This trial was commenced, on plaintiff's first amended petition and on defendants' counterclaim, when the April Term, 1936, reconvened on April 28th. Plaintiff testified in his own behalf and was cross-examined. His examination took all of the court day on the 29th. When court convened on the following day, plaintiff filed a second amended petition. Defendants filed motions to strike and to dismiss on the ground of departure. These were overruled. Defendants then withdrew and dismissed their counterclaim. Thereafter defendants filed motions for rehearing of their motions to strike and to dismiss which were also overruled. Thereupon "defendants refused to plead further and withdrew from the court room and the court proceeded to conduct the further hearing of the evidence."

Plaintiff's second amended petition repeated paragraph "A" of the amended petition. It also restated paragraph "B" thereof ex-

cept that it left out the words "grossly misrepresented" and merely stated that "defendants represented to plaintiff" the matters stated therein. In lieu of paragraph "C" of the amended petition, the second amended petition alleged:

"Defendants also advised him that he should convey his real estate to them so that they would be in a position to make cost, appeal, and other bonds in the threatened and pending litigation. Defendants further advised plaintiff that he should deed said real estate to them as security for their attorneys fees and expenses, and that they would reconvey the property when the said litigation was over.

"Plaintiff states that relying upon the truth of said representations and the advice and counsel of the said defendants, he did convey his real estate to the defendants on May 11, 1931, being real estate in Clinton County, Missouri, described and conveyed by deed as follows:

"Missouri Warranty Deed. This indenture, made on the 11th day of May, A. D., One Thousand Nine Hundred and Thirty-One by and between John A. Robinson of the County of Clay, State of Missouri, party of the first part, and Percy C. Field and Dwight Roberts of the County of Jackson, State of Missouri, parties of the second part,

"Witnesseth: That the said party of the first part, in consideration of the sum of Thirty Five Hundred ($3500.00) Dollars to him paid by said parties of the second part (the receipt of which is hereby acknowledged), do by these presents, Grant, Bargain and Sell, Convey and Confirm unto the said parties of the second part, their heirs and assigns, the following lots, tracts or parcels of land lying, being and situate in the County of Clinton, and State of Missouri, to-wit: (describing land).

"This deed is given to the above named grantees as payment of Thirty-five Hundred ($3500.00) Dollars on account of money due them as attorneys' fees. All taxes which can be now paid are to be paid by the above named grantor.

"To have and to hold . . . .

"That on said date he conveyed to the defendants other real estate in Platte County, Missouri, described and conveyed by deed as follows:

"Missouri Warranty Deed. This indenture, made on the 11th day of May, A. D. one thousand nine hundred and thirty-one by and between John A. Robinson of the County of Clay, State of Missouri, party of the first part, and Percy C. Field and Dwight Roberts, of the County of Jackson, State of Missouri, parties of the second part.

"Witnesseth, that the said party of the first part, in consideration of the sum of Forty Five Hundred ($4500.00) Dollars to him paid by said parties of the second part (the receipt of which is hereby acknowledged), do by these presents, grant, bargain and sell, convey

and confirm unto the said parties of the second part, their heirs and assigns, the following described lots, tracts or parcels of land lying, being situate in the County of Platte, and State of Missouri, to-wit: (describing land).

"This deed is given to the above named grantees as payment of Forty-five Hundred ($4500.00) Dollars on account of money due them as attorneys" fees. All taxes which can be now paid are to be paid by above named grantor.

"To have and to hold, etc."

The second amended petition then restated paragraphs "D," "E," and "F" of the amended petition and ended with the following prayer:

"Wherefore, plaintiff prays the court to cancel said deeds conveying the lands in Platte and Clinton Counties and hold the same to be null and void and that the court order and direct the defendants to reconvey to this plaintiff the lands in Platte and Clinton Counties aforesaid and for such other and further relief as may be equitable and just."

Defendants contend that this second amended petition was a departure from the first amended petition and that it was error to overrule their motions to strike and to dismiss on that ground. Defendants say that the original suit was an action *in rem* to cancel a deed to Clinton County land, the subject matter of which was, under Section 722, Revised Statutes 1929, within the jurisdiction of the Clinton County Court; but that the second amended petition attempted to bring in subject matter not within its jurisdiction, namely, the Platte County land; and that it further attempted to change the nature of the case from an action *in rem* to an action *in personam* "for an accounting for attorneys' services and expenditures and liabilities for court costs and (to enforce) an agreement to reconvey and surrender securities pledged for costs, fees and services upon the claim the litigation was terminated and attorneys' fees paid." What defendants overlook in making this contention is that they, by their counterclaim, had already converted the case into an action *in personam*, "for an accounting for attorneys' services" for which they sought a personal judgment against plaintiff, and were proceeding to try such a case before plaintiff filed his second amended petition. Furthermore, by their counterclaim they had brought in the Platte County land and asked the court to determine the rights of the parties therein. They had also, by their application for a restraining order against the prosecution of the Platte County case, taken the position that the transaction involved therein was "part of the same matter and transactions" they sought to have adjudicated in the Clinton County case. By their own actions they had vested the Clinton County Court with complete jurisdiction over both person

and subject matter to determine the whole controversy and to do full justice between them and plaintiff.

In this situation, by filing the second amended petition describing the Platte County land, plaintiff was only accepting defendants' challenge to try out and determine in the Clinton County case all matters between them as to compensation for their services. The change which brought in the Platte County land was invited by defendants and made the petition conform to the evidence admitted (when the Platte County deed was offered by plaintiff on the previous day, defendants' counsel had stated in response to the court's inquiry that there was no objection to its admission) so that it fully stated the subject matter of the whole case then upon trial. Paragraphs "A," "B," "D," "E," and "F" of the first amended petition were in substance, and for the most part in exact wording repeated in the second amended petition. Only as to paragraph "C" is there an important difference. Paragraph "C" originally stated that the land was conveyed "for security" for defendants' fees, and that the deeds showed "the consideration to be for attorneys' fees due the defendants." In the second amended petition the recitals of the deeds are set out as written so that they did show the consideration was for attorneys' fees due defendants and that the deeds were each in payment of a certain amount threeof. The same allegation is made that these deeds were actually made "for security for their attorneys' fees." It is further stated "that they would reconvey the property when the said litigation was over." Defendants contend that this alleges "an action in specific performance" to enforce an agreement not originally stated. However, both petitions claimed the right to the land upon the allegations made in both that the land was conveyed for security for defendants' fees and that these fees had been fully paid. The ultimate issue under both petitions was whether defendants got an absolute conveyance as payment of their fees or a conditional conveyance as security for fees. We construe this allegation concerning reconveyance, in connection with the others to which we have referred, as intended to mean that although absolute in terms the deeds were in fact given as security for fees and that the right to have them set aside was based upon the claim that all fees had been paid. There is nothing stated from which it could reasonably be construed as an agreement to convey for any other reason. Thus construed, the second amended petition was not a departure because it only stated plaintiff's claims concerning the whole subject matter brought into the case by defendants' counterclaim and sought redemption of all property conveyed. [See Younger v. Evers, 333 Mo. 931, 64 S. W. (2d) 936, and cases cited.]

Since defendants had, by their affirmative action, thus broadened the issues and changed the nature of the case, plaintiff surely had the

right to accept their invitation to try out the whole controversy in one suit, by filing their second amended petition to conform to the evidence received without objection and to cover the whole case then on trial upon the issues raised by defendants' own pleadings seeking affirmative relief. [Sec. 819, R. S. 1929.] They might have joined issues by reply on all new issues injected by defendants' counterclaim (in the nature of an equitable cross bill), so that the chancellor could have proceeded to "hear and determine the matter as an equitable proceeding and grant full and complete relief." [Reynolds v. Stepanek, 339 Mo. 804, 99 S. W. (2d) 65.] We can see no good reason why, after the trial has commenced and the whole subject matter put in evidence without objection, the same thing should not be done by amended petition. In Whiting v. Enterprise Land & Sheep Co., 265 Mo. 374, 177 S. W. 589, this court said: "If unpleaded grounds of equitable relief were disclosed during the progress of the trial, an application for an amendatory or supplemental petition would have been timely." We have also held that when "the answer aforesaid contains all the facts which could have been set up in the petition (relating to a deed of trust), under the doctrine of express aider, we will dispose of the case as though the petition contained the necessary facts calling in question the validity of said deed of trust." [Allison v. Cemetery Caretaking Co., 283 Mo. 424, 223 S. W. 41; see, also, Ricketts v. Hart, 150 Mo. 64, 51 S. W. 825; Casler v. Chase, 160 Mo. 418, 60 S. W. 1040; City of Maysville v. Truex, 235 Mo. 619, 139 S. W. 390; Tucker v. Wadlow (Mo.), 184 S. W. 69; State ex rel. Dilliner v. Cummins, 338 Mo. 609, 92 S. W. (2d) 605.] We hold that it was proper, at this stage of the case and in this situation for the court to permit this amended petition to be filed.

Defendants further complain of the trial court's refusal to allow a term bill of exceptions showing the action of the court on their motions attacking the pleadings at the April, 1936, term. This was the term at which the trial was had and the final decree entered. Defendants did not request this term bill until after the trial had commenced. The court did allow a bill of exceptions, before this term ended, showing everything that took place at this term, including what defendants sought to have shown in the term bill they requested and the evidence at the trial. A term bill of exceptions may be taken at the trial term to show matters which occurred prior to the trial and it is not essential that it be embodied in the final bill which covers the trial. [Dean v. Wabash Ry. Co., 229 Mo. 425, 129 S. W. 953.] However, it is proper practice (and we think better) to have one bill of exceptions covering everything desired to be shown that transpired at one term, so if term bills have been allowed previously during the same term they may be embodied in one final bill of exceptions covering the whole term. [See Manthey v. Kellerman Con-

792

tracting Co., 311 Mo. 147, 277 S. W. 927; Klene v. St. Louis-San Francisco Ry. Co., 321 Mo. 162, 9 S. W. (2d) 950; Smith v. Ohio Millers Mut. Fire Ins. Co., 320 Mo. 146, 6 S. W. (2d) 920.] Since no term bill of exception was asked in this case until after the trial was commenced, we hold that it was proper for the court to require all matters of exception occurring in the April, 1936, term to be presented in one bill of exception.

Defendants further contend that the evidence does not support the decree and cites the rule that evidence to impeach a deed, divest title, or to establish a trust must be clear, cogent, positive and convincing so as to leave no room for reasonable doubt. [See Norton v. Norton (Mo.) 43 S. W. (2d) 1024; Gaugh v. Gaugh, 321 Mo. 414, 11 S. W. (2d) 729; LaRue v. LaRue, 317 Mo. 207, 294 S. W. 723; Chambers v. Chambers, 227 Mo. 262, 127 S. W. 86.] This rule applies to cases wherein it is sought to have an absolute conveyance declared to be a mortgage. [Snow v. Funck (Mo.), 41 S. W. (2d) 2, and cases cited.] In the decree entered herein, the court found "that the defendants represented the plaintiff as attorneys under an agreement by which plaintiff was to pay them a fair and reasonable fee for their services, plus expenses, and the court finds that prior to the institution of this suit plaintiff settled with and paid the defendants, in cash, all expenses and costs, and the further sum of $4500.00 as attorneys' fees, and that a fair and reasonable attorneys' fee for their services to plaintiff would be, not to exceed the sum of $3500.00 . . .; that on May 11, 1931, plaintiff conveyed to the defendants the following lands in Platte and Clinton Counties, to-wit: (describing land) and that said conveyances were made to the defendants for the purpose of securing the payment of their attorneys' fees and expenses, and to enable the defendants to use the land for the purpose of making cost, or appeal bonds for the plaintiff, and the court finds that prior to the institution of this action, plaintiff paid the defendants in full for their fees and expenses, and that no cost or appeal bonds were executed, or other obligations incurred by the defendants with respect to said lands, and that the plaintiff, is now and was at all times since said conveyance, the true, lawful and equitable owner of said lands." The court further found that plaintiff was the owner of all notes deposited by him with defendants or in the Kansas City Bank and that "defendants have no right, title, lien or interest therein." The court decreed that defendants be "divested of all right, title or interest therein, and they are ordered and directed to execute and deliver a proper conveyance of said lands to the plaintiff;" that defendants "are directed to deliver to plaintiff the $5000.00 Silverman note;" and that "the temporary injunction granted by the judge of this court, November 4, 1935, in this cause restraining the defendants from continuing or further pro-

ceeding with suit No. 423951 pending in the Circuit Court of Jackson County . . . is hereby made permanent.''

Plaintiff testified, concerning the conveyance of the land to defendants, as follows:

''Q. Now, how come you to make a deed conveying the title to those two farms to Field and Roberts? . . . A. Well, they told me it was necessary, in the circumstances I was in, that they might be called on to make appeal bond and cost bonds, and also they said it would serve as security. . . . As security for the fee that I would owe them, which would be settled according to our contract later on. . . . And that when we were through with all of their services, that we would settle according to that written contract we had made, and then they would return the farms to me. . . . Q. How much money, exclusive of costs and expense, have you actually paid to Field and Roberts for attorneys' fees in these matters that you have described? A. About $4500.00, including that $500.00 that was paid on that land. Q. The foreclosure matter appeal? A. Yes. . . . Q. How much more did they want (in 1933 after termination of litigation), and what did you say to it? A. They said they wanted $6000.00 more. . . . I told them that I thought for the services they had rendered they had been paid sufficient. . . . Q. Did they or did they not say if you would give them $6000.00 more money, they would deed the farms back? A. Yes, they did.''

This and other evidence was sufficient to warrant the finding that the deeds were given as security for payment of attorneys' fees instead of absolute conveyances of the fee. Nevertheless, the findings and result reached by the decree are in the face of and contrary to the conceded fact (stated in the deeds set out in plaintiff's second amended petition and offered in evidence by him) that by these deeds plaintiff recognized a total fee of $8000 was due defendants. The court would have been justified in finding that this fee was in full payment of all the services of defendants then rendered and afterwards to be rendered in connection with the matters in which they were representing plaintiff. (When those deeds were made, the $150,000 alienation of affections suit against plaintiff had been tried, and had resulted in a $25,000 verdict against him, settled after appeal two years later for $7000; the suit to recover $35,000 paid on plaintiff's breach of promise settlement had been ended by a $3000 settlement; and most of defendants' services in connection with foreclosures and collections had been performed.) The court would have been further warranted in finding that all sums paid by plaintiff as attorneys' fees after these deeds were made should be credited upon this $8000 total fees and that plaintiff was entitled to have a reconveyance upon payment of only the balance. Even upon plaintiff's theory that he was to fix defendants' total fees, we cannot hold that the court

could under this evidence disregard the fact that he did by written instrument recognize that defendants' total fees would be $8000. Plaintiff did not make any explanation to contradict this amount stated in the deeds. He did not claim that there was any mistake, fraud or concealment as to this amount when he signed the deeds. His petition did allege false representations by defendants as to the character of the litigation in which he was involved but his evidence falls far short of proof of those allegations. The record shows that he was involved in litigation of a very serious kind. Plaintiff himself thus testified:

"Q. What do you tell the court now, as to whether Field and Roberts grossly misrepresented to you that the litigation and claims which they were representing you on would lead to 'almost certain arrest and conviction under serious criminal charges and servitude in the penitentiary, in addition to judgments in a large sum which would completely deprive him of his right to practice medicine'—that is the statement in your petition on which this case is being tried, and I want to know from you, sir, whether it is true or untrue. A. That is really too deep for me; I don't know whether I 'savvy' it all or not. Q. You don't know whether it is so or not; you can't know whether Field and Roberts grossly represented or misrepresented the condition of the trouble and litigation you were in, do you? A. I don't know what might have been the outcome, not being acquainted with legal things." (He also said: "I don't understand that very well, that you are reading; . . . that is my lawyers' work, I will refer it to them.")

Absent fraud or mistake, what explanation could plaintiff make to deny that he did (when he made the deeds) recognize and agree that defendants were entitled to be paid total fees of $8000? It is intimated, although plaintiff did not so testify, that the deeds were given for the purpose of covering up and concealing plaintiff's land from his judgment creditor and that the consideration was wholly or in part fictitious. If plaintiff had so testified such testimony would not appeal to the conscience of a court of equity. In a similar situation, this court said: "It is equally clear that the conveyance to defendant was made for the purpose of defrauding plaintiff's creditor. To allow plaintiff to recover in this case would violate the maxim of equity that he who comes into a court of equity must come with clean hands. This court said in the Chambers case, supra, that 'courts of equity are chary of reaching out a helping hand to those litigants who voluntarily put themselves in the predicament of this plaintiff by a voluntary conveyance of land to hinder, delay, or defraud creditors.'" [Jones v. Jefferson, 334 Mo. 606, 66 S. W. (2d) 555.]

We hold that the evidence herein could not support the findings in the decree as to the amount of attorneys' fees that were secured by

these deeds. Since this is an equity case, this court has authority to "proceed to make its own finding and enter such judgment as equity and justice require." [Friedel v. Bailey, 329 Mo. 22, 44 S. W. (2d) 9.] Although the evidence before us shows in considerable detail what defendants did (Field's deposition was put in evidence by plaintiff) and the character of plaintiff's litigation, it is not possible to enter a final decree. Even if we should fix the total amount of defendants' attorneys' fees, there is nothing to show what amounts plaintiff paid to them after he made the deeds. Therefore, we could not determine the amount now due. Moreover, an accounting of the rents and profits from the land and as to any other matters properly involved, must be made to establish the balance between the parties.

The decree is reversed and the cause remanded. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.

ON MOTIONS TO MODIFY AND FOR REHEARING.

HYDE, C.—Appellants and respondent have each filed motions to modify and respondent also seeks a rehearing. Respondent says the opinion contravenes decisions holding that recitals of consideration in a deed may be contradicted and explained by parol testimony. [Citing Cave v. Wells, 319 Mo. 930, 5 S. W. (2d) 636; Hunter v. Hunter, 327 Mo. 817, 39 S. W. (2d) 359; See v. Mallonee, 107 Mo. App. 721, 82 S. W. 557.] [7] The opinion fully recognizes this rule, holding that such evidence was proper and "was sufficient to warrant the finding that the deeds were given as security for payment of attorneys' fees instead of absolute conveyances in fee." It further holds that (although explanation was proper) "plaintiff did not make any explanation to contradict this *amount* stated in the deeds." We only say that in the absence of such explanation, these deeds must be considered as recognition that at least this amount was due. Respondent's motions are, therefore, overruled.

Appellants contend that the cause should not be remanded but finally reversed. They contend that, since none of the parties were residents of Clinton County, they could not confer jurisdiction by agreement (or in any manner) upon the Circuit Court of Clinton County to try any matter except title to the real estate because that is all Section 722, Revised Statutes 1929, authorizes and under Section 720, Revised Statutes 1929, other suits must be brought in the county where one of the parties resides. It is, of course, true that the

Circuit Court of Clinton County had jurisdiction of the suit as it was commenced because Section 722 authorized such suit (*in rem*) involving title to the land in Clinton County to be brought there. This suit was in equity and, on plaintiff's equitable mortgage theory, his right to set aside the deed asserted depended upon proof that he owed defendants nothing. Does Section 720 prevent or render void a determination of all matters (*in personam*) between the parties to this suit, involving how much more than the deeds secured or paid (if any) plaintiff owed defendant, even though they both seek to submit such matters? Under Section 720, commencement of suit (*in personam*) by summons in Clinton County where the plaintiff did not reside could not *compel* defendants (who did not reside there either) to make personal appearance and try such a case there. Likewise, under Section 720, defendants could not have commenced a suit by summons in Clinton County against plaintiff for fees claimed to be due and *compel* plaintiff to appear and try that case. However, "statutes fixing venue in the county of defendant's domicile confer a mere personal privilege which may be waived by the party entitled to assert it." [67 C. J. 129, sec. 212.] Here, both parties requested the Circuit Court of Clinton County to determine the amounts due between them. When defendants filed a cross bill or counterclaim seeking affirmative relief of judgment for an additional amount, in a suit which necessarily involved the question of whether or not they had already been paid in full, when plaintiff generally denied the claims made in the cross bill, and when both parties entered into a trial on the merits of all issues, should either thereafter be heard to say that the court was then without such jurisdiction? We think not. It is a settled rule that lack of jurisdiction of the subject matter cannot be waived or conferred by consent; but it is equally well settled that jurisdiction over the person may be waived, and we hold that waiver of venue in a transitory action comes within the latter classification. [Farmers Bank v. St. L. & H. Railroad Co., 119 Mo. App. 1, 95 S. W. 286; Tual v. Martin, 228 Mo. App. 30, 66 S. W. (2d) 969; Taylor v. Hurshman (Mo. App.), 35 S. W. (2d) 377; Markey v. L. & M. R. Railroad Co., 185 Mo. 348, 84 S. W. 61; Cook v. Globe Printing Co., 227 Mo. 471, 127 S. W. 332; Kincaid v. Storz, 52 Mo. App. 564; Rider v. Kirk, 82 Mo. App. 120; Hockaday v. Gilham, 206 Mo. App. 132, 226 S. W. 991; Winning v. Brown, 340 Mo. 178, 100 S. W. (2d) 303; Merchants Heat & Light Co. v. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488; 67 C. J. 91-94, secs. 146-161; 67 C. J. 128-132, secs. 210-218; 27 R. C. L. 783, sec. 6.]

Defendants' motion is likewise overruled.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.