**STAMM et al.   v.   DESNOYERS et al.**

No. 28709.

St. Louis Court of Appeals.
Missouri.

Dec. 15, 1953.

Rehearing Denied Jan. 15, 1954.

S. C. Rogers, St. Louis, for appellants.

Stamm, Millar, Neuhoff & Stamm, Forrest Hemker, St. Louis, for respondents.

WOLFE, Commissioner.

This is an appeal from an after-judgment order of the trial court allowing an attorney's fee of $1,500 to be paid out of the estate in litigation. The award was made for the services of Stephen C. Rogers, counsel for certain defendants, in an action to construe a will. The defendants he represented consider the award inadequate and the sufficiency of the amount awarded is the sole question brought before us by this appeal.

The action was instituted in 1947 and the plaintiffs are the trustees under the will of Charles H. Peck, deceased. The petition of the trustees was in four counts, the first of which sought the construction of a clause in the will having to do with the number of trustees, their required residence, and the manner of appointing successors. The second count had to do with the distribution of money received by the trustees through an award of the American-Mexican Claims Commission for a loss sustained by the Estate of Peck, when land that had been owned in part by him, was expropriated by the Mexican government. This count sought a determination of the persons entitled to distribution of the sum so received and the amount of their respective shares. It also sought an approval of expenses in connection with the prosecution of the matter before the Claims Commission. The third count had to do with the right of the trustees to withhold some income of the trust estate for the purpose of creating a reserve fund for making improvements on real estate held by the trustees. The final count of the petition sought approval of the trustees' accounts from 1939 to the date of the decree.

The testator, Charles H. Peck, who was a man of considerable wealth, died in 1899. He disposed of his property by a will which is long and involved and in some respects wanting in clarity. It contains some outright bequests and some bequests in trust with income beneficiaries. The trust estate now has the approximate value of two million dollars, and the descendants of Peck have increased so that there were about forty defendants necessary to the determination of the suit out of which this appeal arises.

We have before us a partial transcript of the record. It consists of the petition, the decree, some exhibits and some testimony which for the most part deals with the value of the services of the attorneys employed in the case.

Mr. Rogers represented defendant Lillie B. Peck, who receives from the trust an income of $30 per month, and, under the decree in this case, was also entitled to $263.34 as her share of the Mexican land fund. The other defendants represented by Mr. Rogers, who are appellants here, and whose only interest is in the Mexican land fund, are Charles Gordon Peck, whose share is $65.81, Bernard W. Peck, who took nothing under the decree but apparently was claiming the sum of $131.63, which was awarded to his father's estate instead of to him, and the administrator of the Estate of Austin Wesley Peck, who was awarded $131.63. It thus appears that the total interest of Mr. Rogers' clients in the Mexican land fund was $592.41.

The other appellant is Mr. Rogers as guardian ad litem of Barbara Jeanne Peck, a minor. This minor may share in the final distribution of the trust which, it was estimated, would continue for another forty years. For his services as guardian Mr. Rogers was awarded the sum of $250, and no point is made as to the sufficiency of this amount.

The amount originally requested by Mr. Rogers was $10,000 but he reduced this to

$7,500. In support of his claim for services rendered, he testified that he was first required to confer with counsel who had previously been employed by the present appellants. He studied the petition which consisted of twenty-nine typewritten pages and the will which, when reduced to printed form, was eight foolscap pages in length. The decree itself was twenty-eight pages long and there were also prior decrees of construction which required study. He stated that some conflicts between the parties were resolved by conferences. He also examined the record of accounts filed with the petition which are detailed and lengthy. The trial lasted two days and fifty exhibits were offered in evidence. He employed help for which he is obligated to pay $250 and it was necessary to take out letters of administration on the estate of one defendant, that he represented, who died while the case was pending. He estimated that he had spent on the entire matter about 200 hours.

Other testimony is before us relating to the reasonable amount for allowance as attorney fees for the trustees. Two distinguished lawyers testified that charges ranging between $20 and $25 an hour would be a reasonable charge. The court allowed the sum of $27,500 for 1,400 hours work which is slightly less than $20 per hour.

The appellants have not questioned the reasonableness of the award to the trustees, but, on the contrary, consider it just. They contend, however, that when Mr. Rogers' services are evaluated by the same hourly rate employed in fixing the fees of other counsel, the award for his services was inadequate.

The defendants were deemed necessary parties to a determination of the relief requested by the trustees, and it has been held that where the efforts of such defendants have been of benefit to the estate in suits of this nature the allowance of attorney's fees to both parties is proper. Lang v. Taussig, Mo.App., 194 S.W.2d 743; Garrison v. Garrison, 354 Mo. 62, 188 S.W.2d 644; Bernheimer v. First Nat. Bank of Kansas City, 359 Mo. 1119, 225 S.W.2d 745.

The trial court by its decree found that the services of Mr. Rogers were beneficial to the estate but fixed the extent of the benefit at $1,500. Respondents do not question the fact that some of his services were beneficial, but maintain that the extent to which the estate was benefited should rest in the discretion of the trial court and should not be disturbed on appeal. As to this the appellate court is under the same duty to review such matters as they are in any appeal in a case of an equitable nature; that is, to examine the whole record and reach its own conclusions, giving due deference to the finding of the chancellor who personally saw the witnesses and heard them testify. The deference accorded the trial judge comes about when there is conflicting testimony which, from his advantage in seeing and hearing the witnesses, he is better able to determine where the truth rests. However, when no question of veracity is involved, as in this case, the appellate court reaches its own conclusion on the whole record. Section 510.310 RSMo 1949, V.A.M.S.; Roberts v. Clevenger, Mo. Sup., 225 S.W.2d 728; Nelson v. Hammett, Mo.Sup., 189 S.W.2d 238; Hoynes v. Hoynes, Mo.App., 218 S.W.2d 823.

The respondents state that this rule is not applicable because the matter is before us only on a partial transcript and we are therefore unable to review the whole record. We are cited to Winning v. Brown, 340 Mo. 178, 100 S.W.2d 303, 307. In that case the Supreme Court had no record of the evidence before it and it therefore held:

"This was a proceeding in equity, and the trial court's decree was based upon the evidence presented at the trial. That evidence, we must presume, justified the court in denying the allowance of an attorney's fee."

We are not in the instant case required to rely upon any presumption, for we have before us a partial transcript of the testimony which touches upon all matters pertinent to a determination of the value of the attorney's services and the relation of those services to the object of the suit. We must, therefore, reach our own conclusion in the

matter and if the award is clearly erroneous it must be set aside.

The work done by the attorney for the appellants, to have been beneficial to the estate to any extent, required hours upon hours of study of the various exhibits mentioned. It was necessary for the attorney to familiarize himself with all of the issues raised in order to determine that the resulting decree was in conformity with the pleadings and proof. This work was of benefit to the estate, for the decree was necessary for its proper administration.

It does not appear to us, however, that the taking out of letters of administration on the estate of Austin Wesley Peck was a service properly chargeable to the trust because it was only incidental to the interest of the decedent. This, therefore, should be excluded from consideration, but the cost of the other work performed should be borne by the trust estate, regardless of the fact that the monetary award to these defendants was small.

Considering all of the work properly allowable as beneficial during the time that the matter was in court, to resolve the complexity of the issues raised and presented, it appears that the chancellor erred, in that the sum allowed as a fee for the services of Mr. Rogers is inadequate, and that there should be allowed the sum of $3,000.

Your Commissioner therefore recommends that the order of the trial court respecting allowances, expenses and costs be reversed as to paragraph 3 thereof dealing with the allowance made for Mr. Rogers' services as attorney, and that the cause be remanded with directions that the allowance of $1,500 be set aside and in place thereof there be allowed for his services the sum of $3,000.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded with directions in accordance with the recommendation of the Commissioner.

BENNICK, P. J., ANDERSON, J., and HOLMAN, Special Judge, concur.